OPINION OF THE COURT
Harold Tompkins, J.
This case involves the City of New York’s obligation to pay the gross receipts tax on all petroleum products passed through by the plaintiff, a supplier of fuel oil. The plaintiff’s motion for summary judgment and the city’s cross motion for summary judgment are consolidated for disposition and decided as noted below.
BACKGROUND
The salient facts are undisputed. In April 1983, the city, through the Department of General Services, solicited bids for contracts for the supply of fuel oil for various city agencies, municipal corporation and department buildings for the period of July 1, 1983 through June 30, 1984. The city’s standard form of contract provides that "[t]he price bid, whether computed as a net unit price or based upon a trade discount from *150 catalog list prices, must be exclusive of taxes and will be so construed”. The specifications for fuel oil state "[t]he City is exempt from sales and federal excise taxes. The price is to be net, exclusive of these taxes. A vendor desiring tax refunds or exemptions on fuel oil or kerosene accepted by the City shall submit the proper forms, and the Commissioner, if satisfied as to the facts, will approve or issue the necessary certificate. In addition, bid prices must include the N.Y. State Gross Receipts Tax, if applicable, but must not be shown as a separate line item. Vendors must also indicate whether or not the Gross Receipts Tax has been included in the bid price”.
In the bid submitted by Burnside on May 12, 1983, it indicated that the tax was not included in the bid price as it was not applicable to the company. There is also a provision for price adjustment "vary[ing] with the market for all contract items”. By notice of award dated July 6, 1983, Burnside was awarded contracts for items 6, 7 and 12. Burnside was assigned the contract for item 19 by Public Fuel Service, Inc. by letter dated July 1, 1983, and the city consented to the assignment by letter dated November 10, 1983. According to both parties, the value of the contracts is approximately $19,000,000, and the amount of the gross receipts tax is $605,000.
STATUTORY HISTORY OF THE GROSS RECEIPTS TAX
In order to properly interpret the current statute, it is necessary to briefly review its prior history. Originally, in 1980 New York State enacted a 2% gross receipts tax applicable to the sales of petroleum products by the major oil companies in New York State and prohibiting the companies from passing the cost of the tax through to the consumer (Tax Law § 182). This law was declared unconstitutional (Shell Oil Co. v New York State Tax Commn., 91 AD2d 81 [3d Dept 1983]; Mobil Oil Corp. v Tully, 639 F2d 912 [2d Cir 1981], vacated on other grounds 455 US 245 [1982]).
Thereafter, a new A% gross receipts tax was enacted (Tax Law § 182-a). This act excluded sales between an oil company and the State, its agencies, instrumentalities and political subdivisions for contracts or bids prior to July 11, 1981 (L 1981, ch 1043, § 62). It also provided an exemption for companies "principally engaged in selling fuel oil (excluding diesel motor fuel) used for residential purposes” (Tax Law § 182-a [2]).
*151 Tax Law article 13-A (L 1983, eh 400, §8) is the current gross receipts tax. Effective July 1, 1983, it provides for a tax of 314%, reduced to 234% as of April 1, 1984. The above-noted exemptions were removed.
At the time the city solicited bids in April 1983, and when Burnside submitted its bid on May 12, 1983, the exemption for companies primarily engaged in residential sales was applicable. However, the new statute repealing the exemptions took effect on July 1, 1983, prior to the city’s notice of award dated July 6, 1983. Although the city has presented evidence that amendment of the gross receipts law was contemplated, it would have been wholly improper for any bidder to submit a bid based on news reports of pending legislative action. The city’s obligation to select the lowest responsible bidder under General Municipal Law § 103 requires the city to look at the honesty and trustworthiness of bidders and submitted bids (see, Le Cesse Bros. Contr. v Town Bd. of Town of Williamson, 62 AD2d 28 [4th Dept 1978], affd 46 NY2d 960 [1979]). Burnside accurately submitted a bid claiming exemption under the applicable law (see, Pioneer Transp. Corp. v Kaladjian, 105 AD2d 698 [2d Dept 1984]).
APPLICABLE RULES OF CONTRACT CONSTRUCTION
In interpreting this contract, the court must construe it as a whole so as to give force and effect to all provisions (Trump-Equitable Fifth Ave. Co. v H.R.H. Constr. Corp., 106 AD2d 242 [1st Dept 1985]; Integrated Sales v Maxell Corp., 94 AD2d 221 [1st Dept 1983]). Ambiguities must be construed against the drafter of the contract (Integrated Sales v Maxell Corp., supra; Dublirer v Lascher, 96 AD2d 474 [1st Dept 1983]). Finally, the contract terms and provisions must be interpreted to give effect to the reasonable meaning of the parties’ contemplation, reflecting the fact the contract concerns real transactions (Greenwich Vil. Assoc. v Salle, 110 AD2d 111 [1st Dept 1985]).*
In accordance with these principles, the court finds a clear intent to allow payment by the city of the gross receipts tax, if this tax was applicable. Since the exemption was removed by Tax Law article 13-A effective July 1, 1983, and the award *152 was issued on July 6, 1983, the gross receipts tax was applicable and the city was obliged to pay this tax when demanded. The court notes that postbid negotiations are permitted with the lowest responsible bidder in the context of price changes (see, Matter of Fischbach & Moore v New York City Tr. Auth., 79 AD2d 14 [2d Dept 1981]). Additionally, the contract was, by its own terms, an adjustable price contract with continuous changes in the price to reflect the market price. The market price would necessarily reflect the inclusion of the new gross receipts tax.
Finally, in two separate cases (Manhattan & Queens Fuel Corp. v County of Nassau, index No. 9133/84, Sup Ct, Nassau County, Aug. 21, 1984, affd 113 AD2d 595 [2d Dept 1986]; Manhattan & Queens Fuel Corp. v Village of Rockville Centre, index No. 13757/84, Sup Ct, Nassau County, Oct. 22, 1984), governmental corporations were held subject to the gross receipts tax and the oil company was permitted to pass the tax through in a separate line item (accord, 1982 Opns St Comp No. 82-233; cf. 1982 Opns St Comp No. 82-353 [holding that the oil company may pass through the tax but not added on already existing contracts unless the contract so provides]; 1981 Opns St Comp No. 81-316 [same]). The analysis of the legislative history by the Second Department (Manhattan & Queens Fuel Corp. v County of Nassau, supra), demonstrates the legislative intent to remove all relevant exemptions and the statute must be read to effectuate this purpose. Construing this contract in accordance with the above appellate authority and the general rules interpreting contracts noted above, the contract must be interpreted to allow amendation of the price to include the newly applicable gross receipts tax. The city’s affirmative defenses are either necessarily decided by the above reasoning — viz., payment, exemption, alteration, noninclusion in the bid — or are unsupported by the factual averments necessary to defeat a summary judgment motion — viz., improper assignment, notification, lack of performance, laches. The counterclaims of breach of contract are likewise supported solely by conclusory statements with no specific allegations and consequently are dismissed.
Settle order granting plaintiff’s motion for summary judgment on the complaint and dismissing the counterclaims and denying the defendant city’s cross motion for summary judgment.

 While plaintiff might have withdrawn its bid (see, Di Cara v Jomatt Constr. Corp., 52 Misc 2d 543 [Dist Ct, Suffolk County 1966]), there is no provision requiring such a withdrawal in the event of a dispute. In the absence of such a provision, the court may not impose such a requirement (Greenwich Vil. Assoc. v Salle, 110 AD2d 111).