FERDINAND MIRANDA, Appellant, v. BOSTON AND MAINE RAILROAD, Respondent.— Appeal from an order of a Trial Term, Supreme Court, Saratoga County. Plaintiff's complaint alleges that he slipped and fell when he stepped on oily waste material on the sidewalk of a public crossing over defendant's tracks in Mechanicville. The waste material was of a type commonly used to lubricate railroad car-wheel journals. The place at which plaintiff alleges he slipped and fell was a public way maintained by the railroad. No notice of the existence of this danger was shown to have been brought to the attention of defendant; nor was it shown that it had existed long enough to have required defendant to have taken notice. Another theory, not pleaded, that the waste material had been negligently thrown there by the defendant was actually tried out without objection. At the end of the proof the court dismissed the complaint upon the failure to show that the crossing was not maintained in a safe and proper condition; and also on the failure to show negligence of defendant in creating the danger. We agree with the dismissal of the cause as pleaded; but there was sufficient proof, prima facie, of defendant's negligence to go to the jury. The parties might well try the case on a broader or different theory than that pleaded. (Cf. *O'Neil v. Our Lady of Lourdes Hosp.*, 15 A D 2d 627; 6 Carmody-Wait, New York Practice, §§ 45, 46, pp. 729–731.) Indeed, the legal merits of the theory of negligence are argued by both sides on appeal. There was proof that the journal boxes containing waste were supposed to be covered and provided with retaining devices to keep material from being loose; that covers were open or missing on many boxes; that about 80% of the boxes contained no retaining device; and that waste was observed hanging out of the boxes and lying along the right of way. If the jury found this method of operation, it could reasonably infer that the waste came from defendant's equipment as the result of negligence. The fact another railroad sometimes used the tracks would be an element to be considered; but it would not necessarily or conclusively overcome proof of defendant's negligence as a cause of plaintiff's injury. Since there must be a new trial appropriate amendment to the complaint to conform with the theory of negligence advanced on the trial should be sought. Order reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.