■ JUDITH K. DUBLIRER, Appellant, v GERALD B. LASCHER, Doing Business as LASCHER & LASCHER, Respondent. — Order, Supreme Court, New York County (David B. Saxe, J.), entered on February 1, 1983, which denied plaintiff's motion for summary judgment and also denied defendant's cross motion for summary judgment is unanimously modified, on the law, to grant summary judgment to plaintiff in the sum of $1,647.58, with interest, and is otherwise affirmed, with costs. Plaintiff retained defendant to represent her in collecting arrears in installments due on a contract for the sale of real property located in Newburg, New York. The fee arrangement agreement required the payment of a $250 retainer and provided that if all overdue payments were collected and delinquent taxes and insurance payments brought current, the fee would be "fifty (50%) percent of the amount of money collected" against which the $250 retainer would be credited. If a foreclosure action became necessary, then a $750 retainer would be required that would be applied against a total fee of between $1,000 and $1,400 "depending upon the course of events during the action". The $250 retainer was paid on January 26, 1982. Thereafter following a communicated offer by the purchaser to pay off the balance due under the contract, on advice of defendant's associate, plaintiff mailed defendant a certified check for $2,795.16, payable to city tax collector, which was to be used to bring the tax payments on the property up to date. On May 17, 1982, defendant advised plaintiff by letter that he had been able to obtain payment of $4,340.48 from the purchaser ($1,332.32 in payment of the arrears on the contract, $2,795.16 for taxes, a $13 recording fee and $200 for attorney's fees). However, defendant only remitted $2,163.74 to plaintiff, claiming that sum to be the balance due plaintiff after deduction of the $13 recording expense disbursement and his "fee as agreed previously" (50% of the amount collected). Plaintiff challenged defendant's computations, asserted that only $1,532.32 had actually been "collected" by defendant, on which a fee of only $766.16 would be due and demanded repayment of the $2,795.16 advanced by plaintiff to pay off the arrears in taxes, together with a balance of $1,397.42 of the moneys actually collected by the defendant. Defendant rejected this demand and plaintiff instituted this suit to recover for moneys had and received. Special Term denied plaintiff's motion for summary judgment, finding that a question of fact existed as to "whether the * * * agreement to advance the tax monies by plaintiff encompassed a collection fee based upon the entire reimbursement by the buyer". However, the parties concede that all the proof is before the court. We conclude on that proof therefore that the inclusion of the real estate tax payment in the computation of the fee was not authorized by the agreement. Under that agreement, the defendant was to attempt to have taxes brought current. He apparently elected to accomplish this by having plaintiff make the payments, which plaintiff could have done at

any time irrespective of the collection agreement. That payment, counseled to be made by defendant's associate, thus became a disbursement by the plaintiff for which she was entitled to be reimbursed outside the fee arrangement, just as the defendant was entitled to be and was reimbursed for the recording fee paid by him. Any other construction of the contract agreement would be to require plaintiff to pay a fee on moneys that she had personally expended in connection with the collection of moneys then due and owing, a result patently not within the contemplation of the parties. Moreover the error and inappropriateness of the defendant's calculation is apparent when it is considered that the fee in fact retained by defendant exceeds that amount quoted by him as the fee that would be due and payable should a foreclosure action be required. Finally, any ambiguities that may be deemed to exist in this agreement are to be construed against the defendant, the drafter of the agreement. On appeal plaintiff has requested that the complaint be amended to conform to the proof presented on the motion pursuant to CPLR 3025 (subd [c]) and *Loomis v Civetta Corinno Constr. Corp.* (54 NY2d 18), pointing out that her demand for relief below neglected to include $250 initially paid to the defendant as a retainer. It is clear that the defendant failed to credit plaintiff with this payment in his final calculations. It is also clear that plaintiff raised this issue with the defendant in their prelitigation correspondence and in the reply papers filed at Special Term. Consequently defendant is unable to rightfully claim any prejudice and that request should be and is granted. Accordingly, of the $4,340.48 remitted to the defendant by the purchaser of the property, there should be deducted $2,795.16 to reimburse plaintiff for the taxes paid by the plaintiff, and the $13 to reimburse the defendant for the recording fees paid by him. The resulting balance of $1,532.32 represents the amount of the collection made on plaintiff's behalf to which the fee of 50% should be applied. That fee computes at $766.16 from which should be deducted the $250 paid to the defendant as the initial retainer. Adding back the $13 in disbursements for the recording fee results in a total of $529.16 due to defendant. Deducting the defendant's fees and disbursements of $529.16 from the $4,340.48 remitted by the buyer, leaves a balance of $3,811.32. Since only $2,163.74 was actually remitted to plaintiff by defendant, there is a net balance of $1,647.58 owed by the defendant to the plaintiff for which plaintiff should have judgment. Concur — Kupferman, J. P., Sandler, Sullivan, Fein and Alexander, JJ.