■ G. W. EHRHART, INC., Appellant, v JACK HELLER, Respondent. — Appeal from a judgment of the Supreme Court in favor of defendant, entered October 24, 1983 in Tompkins County, upon a dismissal of the complaint by the court at Trial Term (Bryant, J.), at the close of plaintiff's case.

Ashland Oil, Inc., was engaged in the business of selling bottled gas in the Ithaca, New York, area; it sold to dealers, one of whom for many years was defendant, who in turn then sold to their own customers. Defendant's dealer agreement with Ashland provided that it was "understood that gas cylinders are loaned by [Ashland] for the sale and delivery of gas therein by the Dealer to the consumer, and that at all times, the said cylinders shall remain the sole property of [Ashland]". Included in the agreement was a covenant by the dealer not to compete with Ashland, either directly or indirectly, within a radius of 50 miles from the City of Binghamton in Broome County. Ashland's physical assets were eventually purchased by plaintiff, which continued to sell gas to defendant as a dealer until 1981 when plaintiff advised defendant that it intended to sell its business in defendant's area and offered to sell to defendant; plaintiff also notified defendant that it would not renew the dealer agreement which was to expire on June 30, 1981. Plaintiff's offer was not accepted and, on July 31, 1981, this action for an injunction, an inventory and return of all of plaintiff's equipment and for related equitable relief was commenced. Because of plaintiff's failure to establish a right either to the equitable relief sought in the pleadings or to the unpleaded

compensatory damages requested during trial, the trial court nonsuited plaintiff.

We undertake our review "[b]earing in mind that, at the procedural point at which the case was decided, the plaintiff was entitled to the benefit of the most favorable inferences that were to be drawn from the record" (*Parvi v City of Kingston,* 41 NY2d 553, 554). Plaintiff presented evidence of the purchase of Ashland's assets in February of 1973 by Gerald W. Ehrhart; that defendant had signed a certification, dated January 10, 1973, confirming that he had 1,554 propane tanks belonging to Ashland; that in 1977 Gerald W. Ehrhart then conveyed the assets he had purchased from Ashland to plaintiff; that defendant failed to return 781 of these tanks to plaintiff and that a used tank has a market value of approximately $20. This proof focused on fixing the number of tanks allegedly in defendant's possession and control and the value thereof. The trial court correctly denied equitable relief; not only were money damages adequate, but injunctive relief to the extent it was predicated on an assignment of Ashland's dealer agreement with defendant was unavailable because that agreement was neither assignable due to its uniqueness, nor enforceable due to a lack of mutuality. Nevertheless, we reverse and remit for a new trial.

In its contract of sale with Ehrhart, Ashland conveyed the property rights to tanks, cylinders, meters and pumps and "all property" used in connection with and employed in the operation of its bottled gas business in the Ithaca area "except for [Ashland's] accounts receivable". What was thereby transferred was Ashland's ownership interest in the tanks. The dealer agreement defendant had with Ashland further evidences that the tanks were Ashland's property. Ashland's sale of these tanks to plaintiff's predecessor in ownership involved no assignment of contract rights pursuant to the dealer agreement, but rather a sale of property rights in the tanks. It was therefore error to dismiss the complaint since plaintiff had established a prima facie right to recover the value of the unreturned tanks.

Its motion to have the pleadings conform to the proof so as to enable it to assert a claim for compensatory damages for the tanks having been rejected at trial, plaintiff now moves pursuant to CPLR 3025 (subd [c]) for the same relief. That request is now granted; an appropriate amendment to the complaint to conform with the theory advanced by plaintiff during the trial should be sought (*Dublirer v Lascher,* 96 AD2d 474, 475; *Miranda v Boston & Maine R.R.,* 18 AD2d 1115). Defendant has had notice throughout the litigation that one of the principal issues involved plaintiff's right to 1,554 tanks which ostensibly

are in his possession. The only "new" issue raised by permitting plaintiff to seek money damages as an alternative to return of the tanks concerns the value of used tanks. Interposition of this issue will not unjustly prejudice defendant in preparing his case or in supporting his position (see *Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23).

Judgment reversed, on the law and the facts, plaintiff's motion for leave to amend the complaint to conform to the proof granted and matter remitted to Trial Term for a new trial on the complaint as amended, with costs to abide the event. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.