(September 30, 1986)

■ In the Matter of ELEANOR R., Appellant, v SOUTH OAKS HOSPITAL, Respondent.—Appeal from an order of the Supreme Court, Suffolk County (Abrams, J.), dated July 23, 1986, which, after a hearing, *inter alia,* granted the application of the director of South Oaks Hospital to administer antipsychotic medication to Eleanor R., an involuntarily committed mentally ill person, without her consent.

Order affirmed, without costs or disbursements.

In *Rivers v Katz* (67 NY2d 485, 497-498), the Court of Appeals held, *inter alia,* that an involuntarily committed mentally ill patient may be forcibly administered antipsychotic medication only upon a judicial determination, rendered after a de novo hearing, that (1) the patient lacks "the capacity to make a reasoned decision with respect to proposed treatment" and (2) the "proposed treatment is narrowly tailored to give substantive effect to the patient's liberty interest, taking into consideration all relevant circumstances, including the patient's best interests, the benefits to be gained from the treatment, the adverse side effects associated with the treatment and any less instructive alternative treatments".

Whether or not an involuntarily committed mentally ill patient has the capacity to make a reasonable decision with respect to a particular treatment is clearly a question of fact for a hearing court. In the proceeding at bar, the petitioner hospital's expert witness, a psychiatrist, testified, *inter alia,* (1) that the patient had been diagnosed as suffering from "schizophrenic paranoia" based on her "illusions of persecution, delusions of grandiosity [and] auditory hallucinations", and (2) her illness had destroyed her ability to make a reasoned decision regarding her treatment which, in his opinion, called for the proposed antipsychotic medication. This witness further testified that the patient was totally uncooperative and had denied that she was sick or that she required medication. The appellant patient testified, and, in addition to denying that she was mentally ill and in need of medication, spoke in a rambling and incoherent manner, *inter alia,* about her fear

of cyanide in the proposed medication and her desire to sue the hospital for malpractice and her husband for fraud. Based on this evidence, the petitioner met its "burden of demonstrating by clear and convincing evidence the patient's incapacity to make a treatment decision" *(Rivers v Katz, supra,* p 497), and Special Term's determination to that effect should not be disturbed. Accordingly, Special Term properly authorized the petitioner hospital to administer the proposed antipsychotic medication to the appellant pursuant to the State's *parens patriae* power *(see, Rivers v Katz, supra).*

No claim is made by the appellant on the instant appeal that the proposed medication is not "narrowly tailored to give substantive effect to [her] liberty interest" *(Rivers v Katz, supra,* p 497). Indeed, the record indicates that the proposed antipsychotic medication will substantially reduce the appellant's symptoms and allow her to return home within two to three months. Although there are possible side effects from the proposed antipsychotic medication, the record indicates that they can be readily counteracted. Moreover, the order appealed from directs the petitioner hospital to "monitor the administration of [the] medication for the observation of any * * * side effects to said treatment". Mollen, P. J., Lazer, Mangano and Lawrence, JJ., concur.