■ In the Matter of ADELE S., Appellant, v KINGSBORO PSYCHIATRIC CENTER, Respondent.—In a proceeding for permission to administer antipsychotic medication to Adele S., an involuntarily committed mentally ill person, without her consent, the appeal is from a judgment of the Supreme Court, Kings County (Duberstein, J.), dated December 1, 1988, which granted the application.

Ordered that the judgment is affirmed, without costs or disbursements.

In accordance with the due process considerations set forth by the Court of Appeals in *Rivers v Katz* (67 NY2d 485, 497-498, *rearg denied* 68 NY2d 808), Kingsboro Psychiatric Center (hereinafter the hospital), has met its burden of demonstrating by clear and convincing evidence that the appellant lacks capacity to make a reasoned decision regarding the proposed treatment *(see, Matter of Eleanor R. v South Oaks Hosp.,* 123 AD2d 460, *lv denied* 69 NY2d 602). In the proceeding at bar, the hospital's expert witness testified that the appellant has

been diagnosed as a chronic paranoid schizophrenic as manifested by social withdrawal and absorption in fantasy. Moreover, the patient's evaluation statement confirms the expert's testimony that the appellant has denied that she requires medication and maintains a delusional belief that her condition is improving. For these reasons, the expert's opinion that the appellant is unable to make a reasoned decision with respect to her treatment is amply supported by the record.

There also exists clear and convincing evidence that the proposed medication is narrowly tailored to preserve the patient's liberty interest (see, Rivers v Katz, 67 NY2d 485, supra; Matter of Eleanor R. v South Oaks Hosp., 120 AD2d 460, supra). It is evident that the proposed treatment will stabilize the appellant by reducing her withdrawal and paranoia. Additionally, improvement in her daily activities, skills and hygiene are expected benefits. Finally, the potential adverse side effects, particularly mild tremors, weight gain and sleeplessness, can be readily counteracted by monitoring and regulating diet and drug dosage.

Accordingly, the court properly authorized the administration of the proposed antipsychotic medication to the appellant pursuant to the State's parens patriae authority (see, Rivers v Katz, supra).

We have reviewed the appellant's remaining contentions and find them to be without merit. Mangano, J. P., Lawrence, Eiber and Spatt, JJ., concur.