■ In the Matter of JOSEPH O. SURYA B. TORATY, as Clinical Director of Binghamton Psychiatric Center, Appellant; MENTAL HYGIENE LEGAL SERVICES, Respondent. [666 NYS2d 322] —Cardona, P. J. Appeal from an order of the Supreme Court (Monserrate, J.), entered March 3, 1997 in Broome County, which denied petitioner's application pursuant to Mental Hygiene Law article 33 for authorization to administer antipsychotic medication to Joseph O.

Petitioner is the Clinical Director of the Binghamton Psychiatric Center (hereinafter the Center) where Joseph O. (hereinafter the patient) is currently being treated. This appeal involves the propriety of Supreme Court's denial of petitioner's application for an order permitting the Center to administer antipsychotic medication to the patient against his will. Following a hearing, Supreme Court denied the application finding that petitioner failed to demonstrate by clear and convincing evidence that the patient lacked the capacity to make his own decisions concerning psychiatric treatment.

The test for determining whether the State may exercise its *parens patriae* power to forcibly administer antipsychotic drugs to a mentally ill patient is set forth in *Rivers v Katz* (67 NY2d 485). The State must demonstrate by clear and convincing evidence that the patient lacks "the capacity to make a reasoned decision with respect to proposed treatment" (*id.*, at 497). If that showing is made, then "the court must determine whether the proposed treatment is narrowly tailored to give substantive effect to the patient's liberty interest" (*id.*, at 497). As to the first inquiry, we have noted that "[w]hether or not [a] * * * mentally ill patient has the capacity to make a reasonable decision with respect to a particular treatment is clearly a question of fact for a hearing court" (*Matter of Eleanor R. v South Oaks Hosp.*, 123 AD2d 460, *lv denied* 69 NY2d 602). Significantly, the findings of the trial court are entitled to due deference (*see, Matter of McConnell*, 147 AD2d 881, 882, *appeal dismissed and lv denied* 74 NY2d 759).

In the instant case, the patient is a 56-year-old male with a 30-year history of paranoid schizophrenia. Prior to 1994, he

functioned quite well and had been taking the drug Stelazine for over 20 years. At the request of the patient's brother in Oregon, the patient's regular psychiatrist, Florante Tinio, changed his medication in 1994 to the drug Risperdal. Shortly after this change, the patient refused to take any medication resulting in a deterioration of his mental condition and ensuing admission to the Center. While at the Center, the patient has consistently refused further medication and the physicians have therefore devised a treatment plan which they wish to implement over the patient's objection.

At the hearing, the Center's psychiatrist, Nicholas Exarchou, testified that although the patient is oriented to time and date, he is psychotic and unable to focus on any particular subject. Exarchou related an incident in which the patient trespassed in a church rectory where he engaged in profane and threatening behavior. He further stated that while at the Center, the patient barricaded himself in his room. Exarchuo stated that without medication, the patient might engage in behavior harmful to himself. He admitted, however, that the patient has been cooperative with staff except when the issue of medication has arisen. Nevertheless, he opined that the patient is not competent to make reasoned decisions regarding his treatment. Tinio concurred with Exarchou's medical opinion that the patient did not have the capacity to make a reasoned choice regarding available psychiatric treatments.

The patient testified at the hearing. Although his answers to Supreme Court's questions were not always responsive, he exhibited a coherent understanding of his medical history, including the fact that he had been diagnosed with paranoid schizophrenia and that his condition had been stable while taking Stelazine for a number of years. The patient, however, maintained that his schizophrenia was cured following his prolonged exposure to the sun. In addition, he remained suspicious of the doctors whom he felt were simply trying to sell him medication he did not need. Nevertheless, he clearly communicated his wish to remain institutionalized without medication rather than to be released into the community and required to take medication.

Although we find that this case presents a close question of the patient's capacity to make his own decisions regarding psychiatric treatment, we nonetheless defer to the findings of Supreme Court which had the opportunity to personally assess the testimony of the various witnesses. This is especially appropriate given the high standard of proof necessary to establish incapacity. In view of this, we decline to disturb Supreme

Court's order (see, e.g., *Matter of Charles C.*, 167 AD2d 537; *Matter of Carl C.*, 126 AD2d 640; cf., *Matter of Andrew J.*, 200 AD2d 745; *Matter of Mary Ann D.*, 179 AD2d 724; *Matter of Adele S. v Kingsboro Psychiatric Ctr.*, 149 AD2d 424).

Crew III, White, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.