In the Matter of PARIS M., Appellant, v CREEDMOOR PSYCHIATRIC CENTER, Respondent. [818 NYS2d 109]—

In a proceeding for permission to administer psychotropic drugs to a patient without his consent, the appeal is from an order of the Supreme Court, Queens County (Taylor, J.), dated March 15, 2005, which granted the petition.

Ordered that the order is affirmed, without costs or disbursements.

In accordance with the due process considerations set forth by the Court of Appeals in *Rivers v Katz* (67 NY2d 485 [1986]), the respondent, Creedmoor Psychiatric Center, met its burden of demonstrating by clear and convincing evidence that the appellant lacks capacity to make a reasoned decision regarding the proposed treatment (*see Matter of Andrew J.*, 200 AD2d 745 [1994]; *Matter of Adele S. v Kingsboro Psychiatric Ctr.*, 149 AD2d

424 [1989]; *Matter of McConnell,* 147 AD2d 881 [1989]; *Matter of Eleanor R. v South Oaks Hosp.,* 123 AD2d 460 [1986]). The appellant's treating psychiatrist testified that the appellant had been diagnosed as a "bipolar disorder manic with psychotic features." The appellant's testimony confirmed the expert's testimony that the appellant denied that he required medication because there is nothing wrong with him. The expert's opinion that the appellant is unable to make a reasoned decision is amply supported by the record.

Considering all of the relevant circumstances, including the appellant's best interests, the potential benefits and hazards of the proposed treatment, and the lack of less intrusive alternatives, there is clear and convincing evidence that the proposed treatment is narrowly tailored to protect the appellant's liberty interest (*see Rivers v Katz, supra* at 497-498). The appellant expresses a legitimate concern over the absence of any time limit for the administration of the forced medications. However, since the order at issue is premised on the appellant's inability to make decisions regarding the management of his mental illness, and envisions a treatment program closely monitored by concededly qualified psychiatrists, "[m]anifestly, the effect of the order appealed from will end as soon as the appellant is no longer incapacitated" (*Matter of Mary Ann D.,* 179 AD2d 724, 725 [1992]; *see Matter of McConnell, supra* at 882-883). Schmidt, J.P., Spolzino, Fisher and Lifson, JJ., concur.