In the Matter of WILLIAM S., Appellant. CREEDMOR PSYCHIATRIC CENTER, Respondent. [817 NYS2d 674]—

In a proceeding for permission to administer psychotropic drugs to a patient without his consent, the appeal is from an order of the Supreme Court, Queens County (Rosengarten, J.), dated November 7, 2005, which, after a hearing, granted the petition.

Ordered that the order is affirmed, with costs.

Creedmoor Psychiatric Center (hereinafter Creedmoor) commenced this proceeding to administer psychotropic medication to the appellant, an involuntarily committed patient suffering from schizophrenia, paranoid type, over his objection, pursuant to the parens patriae power of the State of New York (*see Rivers v Katz*, 67 NY2d 485 [1986]). The State may administer such medication against a patient's will if it establishes, by clear and convincing evidence, that the patient lacks "the capacity to make a reasoned decision with respect to proposed treatment" (*Rivers v Katz, supra* at 497; *see Matter of Michael L.*, 26 AD3d 381 [2006]).

Whether a mentally ill patient has the capacity to make a reasoned decision with respect to treatment is a question of fact for the hearing court, the findings of which are entitled to due deference (*see Matter of Joseph O.*, 245 AD2d 856 [1997]). Here, Creedmoor established by clear and convincing evidence that the appellant lacked the capacity to make a reasoned decision regarding the proposed treatment (*see Matter of Mausner v William E.*, 264 AD2d 485 [1999]; *Matter of Andrew J.*, 200 AD2d 745 [1994]; *Matter of Adele S. v Kingsboro Psychiatric Ctr.*, 149 AD2d 424 [1989]; *Matter of McConnell*, 147 AD2d 881 [1989]; *Matter of Eleanor R. v South Oaks Hosp.*, 123 AD2d 460 [1986]). Both the appellant's treating psychiatrist and the court-appointed psychiatrist testified at the hearing that the appellant was delusional, lacked insight regarding his illness, and that he lacked the capacity to make a reasoned decision to accept or refuse the proposed treatment. They further testified that when he stopped taking his medication his condition worsened, he became irritable, more agitated, and threatening to others, making it necessary to administer medication on an emergency basis, on several occasions, to control his aggression.

Considering all of the relevant circumstances, including the appellant's best interest, the potential benefits and hazards of the proposed treatment, and the lack of less intrusive alternatives, Creedmoor established, by clear and convincing evidence, that the proposed treatment is narrowly tailored to protect the appellant's liberty interest (*see Rivers v Katz, supra* at 497-498; *Matter of McConnell, supra; Matter of Eleanor R. v South Oaks Hosp., supra*). The appellant expresses a very legitimate concern over the absence of any time limit for the administration of psychotropic medication without his consent. However, since the order at issue is premised on the appellant's inability to make decisions regarding the management of his mental illness, and envisions a treatment program closely monitored by qualified psychiatrists, "[m]anifestly, the effect of the order . . . will

end as soon as the appellant is no longer [so] incapacitated" (*Matter of Mary Ann D.*, 179 AD2d 724, 725 [1992]; *see Matter of McConnell, supra* at 882-883). Santucci, J.P., Spolzino, Lifson and Covello, JJ., concur.