■ In the Matter of HARVEY S., Appellant. JURIJ SAVYCKJ, Respondent. [— NYS2d —]—

In a proceeding for permission to administer electroconvulsive therapy to a patient without his consent, the patient appeals from an order of the Supreme Court, Rockland County (Sherwood, J.), dated April 24, 2006, which, after a hearing, granted the petition.

Ordered that the order is affirmed, without costs or disbursements.

In a companion appeal, we have determined that the Supreme Court properly authorized Rockland Psychiatric Center (hereinafter RPC) to retain the patient on an involuntary basis, pursuant to Mental Hygiene Law § 9.33 (*see Matter of Harvey S.*, 38 AD3d 908 [2007] [decided herewith]). The patient may therefore be treated over his objection upon proof, by clear and convincing evidence, that he lacks the capacity to make a reasoned decision with respect to the proposed treatment and that "the proposed treatment is narrowly tailored to give substantive effect to the patient's liberty interest, taking into consideration all relevant circumstances, including the patient's best interests, the benefits to be gained from the treatment, the adverse side effects associated with the treatment and any less intrusive alternative treatments" (*Rivers v Katz*, 67 NY2d 485, 497-498 [1986]; *see Matter of Pilgrim Psychiatric Ctr. [Christian F.]*, 197 AD2d 204 [1994]; 14 NYCRR 27.8). Deferring to the findings of

the Supreme Court, which had the opportunity to personally assess the testimony of the witnesses (*see Matter of William S.,* 31 AD3d 567, 568 [2006]; *Matter of Joseph O.,* 245 AD2d 856, 857 [1997]), the proof submitted by RPC satisfied this burden.

The patient has been continuously hospitalized at RPC, until recently as a voluntary patient, since 1992. With the patient's consent, electroconvulsive therapy (hereinafter ECT) was begun in 2000, and continued thereafter for a period of approximately five years. In May 2005, it was necessary to discontinue ECT in order to evaluate whether the patient had suffered a stroke. Although it was determined that the patient had not suffered a stroke, the patient thereafter refused to consent to ECT any longer. The companion proceeding to retain the patient involuntarily, as well as this proceeding to compel the treatment, were commenced in August 2005.

The evidence comparing the patient's condition when he was receiving ECT to his condition after it was discontinued established clearly and convincingly both that the patient lacked capacity, while not receiving the treatment, to make a reasoned treatment decision and that the proposed treatment is narrowly tailored to give substantive effect to his liberty interest. While he was receiving ECT, the patient "was friendly, able to engage in normal conversation . . . and had a very intact memory." After ECT was discontinued, however, the patient became delusional, was unable to communicate with his therapist, and did not respond to questions asked of him. Although he denied having a mental illness, the patient appeared to be suffering from auditory hallucinations. He also became aggressive, assaulted patients and staff members on frequent occasions, and injured himself repeatedly. The record further indicates that the medications that were administered to him during the period he was without ECT were insufficient to control these symptoms, and that the patient experienced no adverse side effects from ECT. On the basis of this proof, the court correctly authorized ECT treatment (*see Matter of Simone D.,* 32 AD3d 931 [2006]; *Matter of Mary Ann D.,* 179 AD2d 724 [1992]).

In September 2005 a psychiatric examiner was appointed, pursuant to Judiciary Law § 35 (4), to conduct an independent psychiatric evaluation of the patient (*cf. Matter of Kings Park Psychiatric Ctr. [Gerald L.],* 204 AD2d 724 [1994]). At the time of the hearing, however, more than seven months later, the appointed psychiatrist had not yet examined the patient. In these circumstances, the Supreme Court properly exercised its discretion to proceed with the hearing without the testimony of the examining psychiatrist. The patient's contention that the peti-

tion should have been dismissed because it was not subscribed by an attorney (*see* 22 NYCRR 130-1.1a [a]) is without merit (*see Matter of Harvey S., supra*). Spolzino, J.P., Goldstein, Fisher and McCarthy, JJ., concur.