OPINION OF THE COURT
Anthony J. Cutrona, J.
The respondent, Mary C., moves to dismiss Kingsboro Psychiatric Center’s petition, pursuant to Mental Hygiene Law § 9.33, for further continued retention of Ms. C., a patient at Kingsboro. The petitioner, Kingsboro, presumably to expedite the resolution of this matter, waived its opportunity to submit written papers in opposition to this motion and chose to present its opposition orally. After argument of this motion on October 6, 2011, the court orally granted the respondent’s motion to dismiss, holding that the petitioner’s Mental Hygiene Law § 9.33 application was premature. The court now issues this written decision to further explain its ruling.
Mary C. was transferred to Kingsboro on August 11, 2011, from Kings County Hospital Center (KCH) where she had been admitted on June 20, 2011. Ms. C. has been hospitalized on multiple occasions and carries a diagnosis of schizoaffective disorder, bipolar type and polysubstance abuse.
On August 9, 2011, immediately before her transfer to Kingsboro, KCH brought an application pursuant to Mental Hygiene Law § 9.33 to involuntarily retain Ms. C. for a period of continued retention not to exceed six months. (Ms. C. had been admitted to KCH on June 20, 2011, pursuant to a two physician certification [Mental Hygiene Law § 9.27] which entitled the hospital to retain Ms. C. for up to 60 days. A patient may be held beyond that 60-day period only if the hospital brings an application pursuant to Mental Hygiene Law § 9.33 for continued retention for a period not to exceed six months.) The court, after a hearing held on August 9, 2011, granted the hospital’s application but reduced the period of retention from six months to a period not to exceed four months. Ms. C.’s period of retention pursuant to this order would therefore expire on December 9, 2011.
Notwithstanding this four-month order, after Ms. C.’s transfer to Kingsboro, the hospital, on September 14, 2011, barely one month later, brought this application pursuant to Mental Hygiene Law § 9.33 (d) seeking a period of “further continued retention” not to exceed one year. After granting Mental Hygiene Legal Service’s request for an adjournment in order to make this motion, the case was scheduled for hearing on *367 October 6, 2011. The court heard oral argument on this motion at that time and granted Ms. C.’s motion to dismiss.
The reason given by Kingsboro’s attorney for bringing this application so early in the retention period is that the hospital wanted to bring an application to medicate Ms. C. over her objection and did not want to be limited by having the order expire on December 9, 2011, approximately two months after the hearing. It should be noted that it has long been the policy of the Mental Hygiene Part in this county to limit the duration of orders for treatment over the patients’ objection to the remainder of the current retention period instead of allowing them to continue over to any further continued retention periods ordered by the court. That way, the court maintains some level of oversight over the involuntary treatment of patients with psychotropic medications and other treatments that have potentially dangerous side effects. (See cf. Matter of Mary Ann D., 179 AD2d 724 [2d Dept 1992]; Matter of William S., 31 AD3d 567 [2d Dept 2006].)
Kingsboro’s position is that the statute gives it the unqualified right to proceed in this manner. Unfortunately, as this court has seen in its over 12 years in the Mental Hygiene Part, article 9 of the Mental Hygiene Law is not devoid of inconsistencies. The drafters clearly did not and could not foresee every procedural issue that might arise.
Mental Hygiene Law § 9.33 (d), which addresses applications for further continued retention subsequent to an initial order, states
“If the director of a hospital, in which a patient is retained pursuant to the foregoing subdivisions of this section, shall determine that the condition of such patient requires his further retention in a hospital, he shall, if such patient does not agree to remain in such hospital as a voluntary patient, apply during the period of retention authorized by the last order of the court to the supreme court or the county court in the county where the hospital is located for an order authorizing further continued retention of such patient. The procedures for obtaining any order pursuant to this subdivision shall be in accordance with the provisions of the foregoing subdivisions of this section; provided that the patient or anyone on his behalf or the mental hygiene legal service may request that the patient be brought personally before the court, in which *368 case the court shall not grant an order for periods of one year or longer unless such patient shall have appeared personally before the court. The period for continued retention pursuant to the first order obtained under this subdivision shall authorize further continued retention of the patient for not more than one year from the date of the order. The period for the further continued retention of the patient authorized by any subsequent order under this subdivision shall be for periods not to exceed two years each from the date of the order.” (Emphasis added.)
The confusion lies in the fact that while the statute uses the phrase “further continued retention,” indicating that an order continuing from the expiration of the last order is contemplated, the hospital is permitted to apply for the order for “further continued retention” “during the period of retention authorized by the last order of the court.” The statute gives no other time frame for bringing the application and it would appear that the drafters should have established a date, before which the application could not be made. Adding to the inconsistency is the fact that the statute provides that the period of further continued retention commences from the date of the new order and not from the expiration of the prior order.
The hospital asserts that the statutory language entitles it to bring an application for further continued retention at any time during the period of retention authorized by the prior order even if, as here, the application is brought considerably before the expiration of the order. This construction could lead to absurd results. A hospital could, for example, apply one day after the signing of the first order authorizing retention for up to six months, for continued retention for a period up to one year, then apply the day after for an order for further continued retention, authorizing retention for up to two years.
Fortunately, it is unnecessary, in deciding this motion, for the court to attempt to untangle this statutory morass. The courts have long instructed us that because of the “massive curtailment of liberty” brought about by involuntary civil commitments (see Humphrey v Cady, 405 US 504, 509 [1972]), “only the least restrictive alternative consistent with the legitimate purposes of [involuntary] commitment may be imposed.” (Matter of Harry M., 96 AD2d 201, 206 [2d Dept 1983].)
As the court so eloquently stated in Matter of Kesselbrenner v Anonymous (33 NY2d 161, 165 [1973]),
*369 “To subject a person to a greater deprivation of personal liberty than necessary to achieve the purpose for which he is being confined is, it is clear, violative of due process. (See, e.g., Jackson v. Indiana, 406 U. S. 715, 738; Humphrey v. Cady, 405 U. S. 504, 514; Robinson v. California, 370 U. S. 660, 666; Inmates of Suffolk County Jail v. Eisenstadt, 360 F. Supp. 676, 686, 688; United States ex rel. Daniels v. Johnston, 328 F. Supp. 100, 111-116.)”
At the time of this application brought by Kingsboro, Ms. C. still had approximately three months left on her order of retention and approximately two months were left when this motion was heard and orally decided by the court. Once again, this court had specifically ruled at her last hearing that the maximum allowable retention period, six months, was not warranted and felt that a period of up to four months was more appropriate for this patient. Clearly, the least restrictive alternative for the patient would not have been to extend the period of the deprivation of her liberty at that early point in time. There was no reason why the hospital could not allow the retention time, up to four months, provided for in the current order, to proceed and then have the court evaluate her condition at a time closer to its expiration. Tacking on additional time prematurely would surely constitute a “greater deprivation of personal liberty than necessary.” (Matter of Kesselbrenner, 33 NY2d at 165.)
Specifically addressing Kingsboro’s concerns, if the hospital brings a timely application for further continued retention pursuant to Mental Hygiene Law § 9.33 (d), prior to the expiration of the previous order, along with an application to continue treatment over objection, there will not be a lapse of any necessary treatment of the patient. The hospital could have simply brought an application to treat Ms. C. over her objection without the premature application for continued further retention. If that application had been granted on the date of the scheduled hearing, October 6, 2011, the hospital would have had over two months to medicate Ms. C. over her objection before having to come back to court for an order for further continued retention and an order permitting an additional period of treatment over the patient’s objection.
The court suspects that Kingsboro’s early application for further continued retention was actually motivated by the hospital’s desire to economize on the time spent by its employ *370 ees (doctors, attorneys, administrators etc.) in preparing and then presenting these applications. The court is sympathetic to the desire for the hospital to more efficiently use its limited resources in this time of economic distress. This desire is still outweighed, however, by the court’s overwhelming responsibility to protect the rights, health and welfare of Ms. C. who unfortunately finds herself involuntarily committed to a state psychiatric facility.
Accordingly, the motion brought on behalf of Ms. C. to dismiss Kingsboro’s application pursuant to Mental Hygiene Law § 9.33 (d) for her further continued retention is granted, without prejudice to the hospital bringing the application at a more appropriate time.