In a proceeding for permission to administer a course of medical treatment to a patient without his consent, Jay S. appeals from an order of the Supreme Court, Rockland County (Alfieri, J.), dated August 6, 2013, which, after a hearing, granted the petition.
Ordered that the order is modified, on the facts, by deleting all of the text on page 2 thereof and substituting therefor the following text: “As recommended by his treating physician, the *804 patient’s course of treatment shall include, but not be limited to, Clozapine up to 800 mg po/day in divided dosage;” as so modified, the order is affirmed, without costs or disbursements.
Mary Barber, as Clinical Director of Rockland Psychiatric Center (hereinafter RPC), commenced this proceeding to administer psychotropic medication to, and conduct laboratory blood testing on, the appellant, an involuntarily committed patient suffering from schizophrenia, paranoid type, pursuant to the parens patriae power of the State of New York (see Rivers v Katz, 67 NY2d 485 [1986]), because of the appellant’s refusal to permit laboratory blood testing. RPC’s expert testified at the hearing that the appellant’s refusal precluded RPC from administering Clozapine, an antipsychotic drug, which cannot legally be administered without concomitant blood monitoring. RPC established that Clozapine is an essential medication for the appellant, as he is prone to violent
outbursts without warning, including attacking fellow patients and hospital staff.
The State may administer a course of medical treatment against a patient’s will if it establishes, by clear and convincing evidence, that the patient lacks “the capacity to make a reasoned decision with respect to proposed treatment,” and that “the proposed treatment is narrowly tailored to give substantive effect to the patient’s liberty interest, taking into consideration all relevant circumstances, including the patient’s best interests, the benefits to be gained from the treatment, the adverse side effects associated with the treatment and any less intrusive alternative treatments” (Rivers v Katz, 67 NY2d at 497-498; see Matter of Adam K., 110 AD3d 168, 172 [2013]).
Whether a mentally ill patient has the capacity to make a reasoned decision with respect to treatment is a question of fact for the hearing court, the credibility findings of which are entitled to due deference (see Matter of Harvey S., 38 AD3d 906, 907 [2007]; Matter of William S., 31 AD3d 567, 568 [2006]; Matter of Joseph O., 245 AD2d 856 [1997]). Here, RPC established by clear and convincing evidence that the appellant lacked the capacity to make a reasoned decision regarding the proposed treatment (see Matter of Simone D., 32 AD3d 931, 933 [2006], affd 9 NY3d 828 [2007]; Matter of Paris M. v Creedmoor Psychiatric Ctr., 30 AD3d 425 [2006]; Matter of Mausner v William E., 264 AD2d 485 [1999]; cf. Matter of Michael L., 26 AD3d 381, 382 [2006]). RPC demonstrated that the appellant requires a significant regimen of medications to address, inter alia, anxiety, schizophrenia, psychosis, aggression, Parkinsonian symptoms, and mood disorders. RPC also established that Clozapine, *805 in addition to the medications already being provided to the appellant, is an effective antipsychotic medication that will control the appellant’s violent tendencies, as well as his other symptoms of mental illness. RPC established that, although the appellant typically did not refuse to take his medications, his refusal to permit blood testing was, in effect, a refusal to take Clozapine, since a blood testing regimen is mandated by the Food and Drug Administration as a condition to the administration of Clozapine. Physical examinations also are needed when such medication is administered.
Considering all of the relevant circumstances, including the appellant’s best interests, the potential benefits and hazards of laboratory blood testing, and the lack of less intrusive alternatives, RPC established, by clear and convincing evidence, that the proposed medical treatment—administration of Clozapine together with laboratory blood testing and physical exams—is narrowly tailored to protect the appellant’s liberty interest (see Rivers v Katz, 67 NY2d at 497-498; Matter of Harvey S., 38 AD3d at 907; Matter of William S., 31 AD3d at 568; cf. Matter of Adam K., 110 AD3d at 182-183). However, the record before us does not warrant an order setting forth all of the specific drugs to be administered to the appellant, together with the quantity of each, as the appellant had not refused to take such medications (see Rivers v Katz, 67 NY2d at 497-498; Matter of Sawyer [R.G.], 68 AD3d 1734, 1735 [2009]). Therefore, the order must be modified accordingly.
Balkin, J.P, Chambers, Cohen and Duffy, JJ., concur.