SECOND DEPARTMENT, FEBRUARY, 2015

(February 2, 2015)

■ In the Matter of MARIETTA MC., Appellant. FOREST HILLS HOSPITAL, Respondent. [2 NYS3d 224]—

In a proceeding for permission to administer a course of medical treatment to a patient without her consent, Marietta Mc. appeals from an order of the Supreme Court, Queens County (Raffaele, J.), dated January 16, 2015, which, after a hearing, granted the petition.

Motion by the appellant, inter alia, to stay enforcement of the order pending the hearing and determination of the appeal.

Ordered that the branch of the motion which is to stay enforcement of the order pending the hearing and determination of the appeal is denied as academic in light of the determination on the appeal, and the motion is otherwise denied as unnecessary; and it is further,

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the petitioner established by clear and convincing evidence that the appellant lacked "the capacity to make a reasoned decision" with respect to the proposed medical treatment, i.e., a below-the-knee amputation of her left leg (*Rivers v Katz*, 67 NY2d 485, 497 [1986]; *see Matter of Jay S. [Barber]*, 118 AD3d 803 [2014]; *Matter of Maldonado v R.J.*, 93 AD3d 465, 466 [2012]; *Matter of Simone D.*, 32 AD3d 931 [2006], *affd* 9 NY3d 828 [2007]; *Matter of Harvey U.*, 116 AD2d 351 [1986], *revd on other grounds* 68 NY2d 624 [1986]; *see also* Public Health Law § 2994-a [5]). In particular, the testimony of an examining psychiatrist and a vascular surgeon, as well as the appellant's testimony, established, among other things, that the appellant, who was diagnosed with schizoaffective disorder, lacked the capacity to understand the nature or severity of her medical condition, or the severe consequences that would likely result if the condition were left untreated (*see Matter of William S.*, 31 AD3d 567, 568 [2006]; *Matter of Paris M. v Creedmoor Psychiatric Ctr.*, 30 AD3d 425, 426 [2006]; *Matter of Mausner v William E.*, 264 AD2d 485 [1999]; *Matter of Adele S. v Kingsboro Psychiatric Ctr.*, 149 AD2d 424, 424-425 [1989]; *see also* Public Health Law § 2994-a [5]).

Further, although the Supreme Court failed to make a specific finding that the proposed treatment was "narrowly tailored to give substantive effect to the [appellant's] liberty interest" (*Rivers v Katz*, 67 NY2d at 497), the record is sufficient for us to determine that the petitioner made such a showing by clear and convincing evidence, through the testimony of the vascular surgeon (*see id.* at 497-498).

The appellant's remaining contentions either are without merit or do not require reversal.

Accordingly, the petition was properly granted. Skelos, J.P., Balkin, Hall and Maltese, JJ., concur.