In a proceeding for permission to administer a course of medication to a patient without his consent, Radcliffe M. appeals from an order of the Supreme Court, Dutchess County (Sproat, J.), dated April 1, 2016, which, after a hearing, granted the petition.
 

 Ordered that the order is modified, on the facts, by (1) deleting the provision thereof stating “Reasonable Alternatives [:] Alternative antipsychotics such as . . . oral/intramuscular Prolixin, oral/intramuscular Ability, Zyprexa, Geodon, Seroquel, or Trilafon. Oral/intramuscular Risperdal is also a reasonable alternative, however the patient has reported previous side effects, limiting its indication in [Radcliffe M.’s] treatment,” and (2) adding thereto a provision stating that the order shall expire on April 1, 2018; as so modified, the order is affirmed, without costs or disbursements.
 

 On March 30, 2016, the petitioner commenced this proceeding for authorization to administer a course of medication to the appellant, Radcliffe M., without his consent. Radcliffe M. is a state inmate who, in 2006, began serving an indeterminate sentence of imprisonment for his conviction of, among other things, attempted murder in the first degree. On September 27, 2007, approximately one year after beginning his sentence, Radcliffe M. was admitted to the mental health observation unit of the Central New York Psychiatric Center, and was diagnosed with schizophrenia and unspecified personality disorder.
 

 A hearing was held on the petition, which Radcliffe M. declined to attend. However, Radcliffe M. was represented at the hearing by appointed counsel. The sole witness was the petitioner’s expert psychiatrist, Brandon Reynolds, who testified that, upon the expiration of a prior order authorizing treatment of Radcliffe M. over his objection, Radcliffe M. refused to continue treatment with the medication Haldol Deconoate, despite an explanation of that drug’s benefits, potential risks, and alternative medications. The prior order authorized the petitioner to treat Radcliffe M. over his objection for a period of one year, commencing in March 2015 and expiring in March 2016. Reynolds opined with a reasonable degree of psychiatric certainty that Radcliffe M. suffers from schizophrenia, that he lacks the capacity to make decisions regarding his psychiatric care and treatment, and that continued treatment with Haldol Deconoate is in Radcliffe M.’s best interests. Reynolds opined that, without the medication, Radcliffe M. posed a high risk of violence toward others.
 

 At the conclusion of the hearing, Radcliffe M.’s attorney argued, inter alia, that the petitioner had failed to establish its case by clear and convincing evidence. Radcliffe M.’s attorney also objected to the petitioner’s proposed order on the ground that it lacked an expiration date. The petitioner’s counsel asked whether Radcliffe M.’s counsel would agree to a two-year order, but Radcliffe M.’s counsel declined to accept the offer. The Supreme Court stated that it was considering making the order expire after “five [years] at a minimum,” noting Radcliffe M.’s “extremely long history of psychiatric illness.” Nevertheless, after further colloquy, the court granted the petition and signed the proposed order as drafted, without including an expiration date. In addition to permitting the use of Haldol Decanoate, the order also permits, inter alia, the use of “Reasonable Alternatives [:] Alternative antipsychotics such as . . . oral/intramuscular Prolixin, oral/intramuscular Ability, Zyprexa, Geodon, Seroquel, or Trilafon.” Additionally, the order provides that “[o]ral/intramuscular Risperdal is also a reasonable alternative, however the patient has reported previous side effects, limiting its indication in [Radcliffe M.’s] treatment.” Radcliffe M. appeals.
 

 The State may administer a course of medical treatment against a patient’s will if it establishes, by clear and convincing evidence, that the patient lacks the capacity to make a reasoned decision with respect to proposed treatment (see Rivers v Katz, 67 NY2d 485, 497 [1986]), and that “the proposed treatment is narrowly tailored to give substantive effect to the patient’s liberty interest, taking into consideration all relevant circumstances, including the patient’s best interests, the benefits to be gained from the treatment, the adverse side effects associated with the treatment and any less intrusive alternative treatments” (id. at 497-498; see Matter of Adam K., 110 AD3d 168, 172 [2013]). Whether a mentally ill patient has the capacity to make a reasoned decision with respect to treatment is a question of fact for the hearing court, the credibility findings of which are entitled to due deference (see Matter of Harvey S., 38 AD3d 906, 907 [2007]; Matter of William S., 31 AD3d 567, 568 [2006]). Here, the petitioner established by clear and convincing evidence that Radcliffe M. lacks the capacity to make a reasoned decision with respect to continuing a course of treatment of Haldol Deconoate (see Matter of Harvey S., 38 AD3d at 907). Further, the petitioner established by clear and convincing evidence that the proposed course of treatment with Haldol Deconoate was narrowly tailored to give substantive effect to Radcliffe M.’s liberty interest, taking into consideration all relevant circumstances, including his best interests, the benefits to be gained from the treatment, the adverse side effects associated with the treatment, and any less intrusive alternative treatments (see Rivers v Katz, 67 NY2d at 497-498).
 

 However, the petitioner failed to offer any testimony or evidence at the hearing with respect to the additional medications included in the order as “Reasonable Alternatives” and, therefore, the petitioner failed to establish by clear and convincing evidence its entitlement to medicate Radcliffe M. with any alternative medication over his objection (see Matter of Jay S. [Barber], 118 AD3d 803, 805 [2014]). Although Reynolds’ affidavit submitted in support of the petition included a list of proposed reasonable alternatives to Haldol Deconoate, “[t]he petition and [Reynolds’ affidavit] are the functional equivalent of a complaint in a civil action . . . [and] are not considered evidence” (Matter of Gail R. [Barron], 67 AD3d 808, 812 [2009] [citation omitted]). Accordingly, the provision of the order authorizing the administration of “Reasonable Alternatives” over Radcliffe M.’s objection, must be deleted. We note that our determination in this regard is without prejudice to the commencement of a new petition for authorization to administer alternative medications.
 

 Further, although the petitioner established that a course of Haldol Deconoate was narrowly tailored to give substantial effect to Radcliffe M.’s liberty interest, it failed to establish by clear and convincing evidence that a nondurational order authorizing the administration of that medication was narrowly tailored to give substantial effect to Radcliffe M.’s liberty interest. A nondurational order is appropriate where it is established that treatment will allow the patient to become stabilized and restore the patient’s ability to make reasoned decisions regarding the management of his or her mental illness (see Matter of Mary Ann D., 179 AD2d 724, 725 [1992]; Matter of McConnell, 147 AD2d 881, 881-882 [1989]). In such circumstances, “the order’s forcefulness will end as soon as [the patient] is no longer so incapacitated” (Matter of McConnell, 147 AD2d at 883). The petitioner failed to establish that Radcliffe M.’s ability to make reasoned decisions regarding his own treatment will be restored with treatment and that a nondurational order would therefore be appropriate (cf. Matter of Mary Ann D., 179 AD2d at 725; Matter of McConnell, 147 AD2d at 882; see also Matter of Rhodanna C.B., 36 AD3d 106, 111 [2006]).
 

 Balkin, J.R, Hinds-Radix, Duffy and Connolly, JJ., concur.