Matter of Samuel D. (Mid-Hudson Forensic Psychiatric Ctr.) (2019 NY Slip Op 03045)





Matter of Samuel D. (Mid-Hudson Forensic Psychiatric Ctr.)


2019 NY Slip Op 03045


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-06434
 (Index No. 151091/11)

[*1]In the Matter of Samuel D. (Anonymous), appellant;
and
Mid-Hudson Forensic Psychiatric Center, respondent.


Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Michael E. Recco, and Dennis B. Feld of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta, Matthew W. Grieco, and Caroline Olsen of counsel), for respondent.



DECISION & ORDER
In a proceeding for permission to administer a course of medication to a patient without his consent, Samuel D. appeals from an order of the Supreme Court, Orange County (Nicholas DeRosa, J.), dated December 6, 2017, which, after a hearing, granted the petition.
ORDERED that the order is modified, on the facts, by deleting the provisions thereof authorizing the administration of Valproic Acid and Benztropine; as so modified, the order is affirmed, without costs or disbursements.
In or around November 2017, the petitioner commenced this proceeding for authorization to administer a course of medication to Samuel D., a patient at a secure psychiatric facility, without his consent. Following a hearing, the Supreme Court issued an order authorizing the petitioner to administer the proposed course of medication over Samuel D.'s objection. Samuel D. appeals.
The State may administer a course of medical treatment against a patient's will if it establishes, by clear and convincing evidence, that the patient lacks the capacity to make a reasoned decision with respect to proposed treatment (see Rivers v Katz, 67 NY2d 485, 497), and that "the proposed treatment is narrowly tailored to give substantive effect to the patient's liberty interest, taking into consideration all relevant circumstances, including the patient's best interests, the benefits to be gained from the treatment, the adverse side effects associated with the treatment and any less intrusive alternative treatments" (id. at 497-498; see Matter of Adam K., 110 AD3d 168, 172). Whether a mentally ill patient has the capacity to make a reasoned decision with respect to treatment is a question of fact for the hearing court, the credibility findings of which are entitled to due deference (see Matter of Radcliffe M., 155 AD3d 956, 957; Matter of Harvey S., 38 AD3d 906, 907; Matter of William S., 31 AD3d 567, 568).
Here, the petitioner established by clear and convincing evidence that Samuel D. lacks the capacity to make a reasoned decision with respect to the proposed course of medication (see Matter of Jay S. [Barber], 118 AD3d 803, 804; Matter of William S., 31 AD3d at 568; Matter of Simone D., 32 AD3d 931, 933, affd 9 NY3d 828; Matter of Mary Ann D., 179 AD2d 724). Further, [*2]the petitioner established by clear and convincing evidence that the proposed course of treatment with respect to the medications Risperdal and Olanzapine was narrowly tailored to give substantive effect to Samuel D.'s liberty interest, taking into consideration all relevant circumstances, including his best interests, the benefits to be gained from the treatment, the adverse side effects associated with the treatment, and any less intrusive alternative treatments (see Rivers v Katz, 67 NY2d at 497-498; Matter of Beverly F. [Creedmoor Psychiatric Ctr.], 150 AD3d 998; Matter of William S., 31 AD3d at 568).
However, the petitioner failed to offer sufficient evidence at the hearing to establish by clear and convincing evidence its entitlement to medicate Samuel D. with Valproic Acid and Benztropine over his objection (see Matter of Radcliffe M., 155 AD3d at 958). The minimal evidence presented at the hearing regarding these medications was insufficient for the petitioner to establish by clear and convincing evidence that the proposed course of treatment with respect to these medications was narrowly tailored to give substantive effect to Samuel D.'s liberty interest. Accordingly, the provisions of the order authorizing the administration of Valproic Acid and Benztropine over Samuel D.'s objection must be deleted. We note that our determination is without prejudice to the commencement of a new proceeding (see id.).
Finally, contrary to Samuel D.'s contention, a nondurational order is appropriate under the circumstances presented (see id. at 958-959; Matter of Mary Ann D., 179 AD2d at 725; Matter of McConnell, 147 AD2d 881, 882-883).
LEVENTHAL, J.P., HINDS-RADIX, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court