■ In the Matter of CHARLES C., Appellant. ROCKLAND PSYCHIATRIC CENTER, Respondent.—In a proceeding for permission to administer antipsychotic medication to a patient

without consent, the patient appeals from a judgment of the Supreme Court, Rockland County (Kelly, J.), dated August 20, 1990, which, after a hearing, granted the application.

Ordered that the judgment is reversed, on the law and facts, without costs or disbursements, and the application is denied.

The Rockland Psychiatric Center (hereinafter the Center) failed to meet its burden of demonstrating by clear and convincing evidence that the appellant lacks the capacity to make a reasoned decision regarding the proposed treatment in accordance with the due process considerations set forth in *Rivers v Katz* (67 NY2d 485, 497-498). The Center's witness, the appellant's treating psychiatrist, testified that he was uncertain whether the appellant was capable of making a reasoned decision regarding his treatment. In addition, he expressed the belief that the psychotic features of the appellant's depressive disorder were in remission, and that the appellant's recent behavioral problems were the result of malingering rather than actual illness. Nevertheless, the witness testified that he felt comfortable with the proposed treatment in the event that the appellant's recent problems were the result of mental illness. We find that his testimony was not clear and convincing evidence of the appellant's lack of capacity (*cf., Matter of Adele S. v Kingsboro Psychiatric Center*, 149 AD2d 424; *Matter of Eleanor R. v South Oaks Hosp.*, 123 AD2d 460). Nor did the fact that the appellant's testimony was somewhat rambling and incoherent provide the necessary proof. Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.