OPINION OF THE COURT
Leland DeGrasse, J.
This application by the clinical director of the Manhattan Psychiatric Center (MPC) for an order authorizing the admin *104 istration of electroconvulsive therapy (ECT) to respondent is denied and the petition is dismissed.
Respondent who is 33 years old has been involuntarily hospitalized at MPC since February 6, 1990. She has undergone three courses of ECT since her admission. Dr. Brian Anderson, MFC’s supervising psychiatrist, opines that respondent’s severe mental illness is responsive only to treatment which includes ECT. It is not disputed that respondent presently lacks the capacity to make reasoned decisions regarding her medical treatment.
Regulations of the Department of Mental Hygiene (14 NYCRR) § 27.9 permit authorized facilities to administer ECT to a patient only upon the informed consent of the patient or a person authorized to act on the patient’s behalf after a full and comprehensive disclosure of potential benefits and the potential of harm. Section 27.9 also provides that patients are presumed to have sufficient mental capacity to give consent unless there are facts and substantial reasons to the contrary. Authorization for ECT is needed from a spouse, parent, adult child or court of competent jurisdiction in the case of an adult patient who, in the opinion of the chief of the administering facility, lacks sufficient mental capacity to give consent.
On March 22, 1991, respondent signed a consent form by which she authorized MPC to give her ECT. It is not disputed that on that occasion respondent had sufficient mental capacity to give the consent. In fact, the consent form was apparently countersigned by a physician who claimed to have discussed ECT with respondent and was satisfied that she understood its nature and purpose.
On April 10, 1991, respondent signed a writing by which she stated, "I am withdrawing my consent to electroconvulsive therapy and am refusing any more treatments with this procedure.” Contrary to petitioner’s assertion, this writing was unambiguous. On the same day, respondent executed another writing stating, "I do not wish to be approached regarding consent to electroshock therapy without my attorney from Mental Hygiene Legal Services being present.”
The fundamental right of individuals to have final say in respect to decisions regarding their medical treatment extends equally to mentally ill persons who are not to be treated as persons of lesser status or dignity because of their illness (Rivers v Katz, 67 NY2d 485, 493). Absent an overriding State interest, a hospital or medical facility must give continued *105 respect to a patient’s competent rejection of certain medical procedures even after the patient loses competence (see, Matter of Westchester County Med. Ctr. [O’Connor], 72 NY2d 517, 528).
Nothing in the evidence even suggests that respondent’s mental capacity diminished during the 19 days which intervened between her execution and withdrawal of the consent form. Accordingly, this court will give deference to respondent’s decision to discontinue ECT inasmuch as petitioner has not proven that she lacked the capacity to make such a decision in a reasoned manner.