OPINION OF THE COURT
Alfred J. Weiner, J.
This is a proceeding for the appointment of a guardian pursuant to article 81 of the Mental Hygiene Law. Petitioner is the alleged incapacitated person’s spouse. The only powers requested, by petitioner in this proceeding are to compel the person to receive psychiatric treatment and the administration of antipsychotic drugs without the person’s consent, pursuant to Mental Hygiene Law § 81.22 (a) (8).
The alleged incapacitated person had a prior involuntary hospitalization at the Dr. Robert L. Yeager Health Center, Mental Health Inpatient Unit. The person refused medication at that time as well as the advice about the course of her psychiatric treatment. At the conclusion of a retention and medication hearing pursuant to Mental Hygiene Law § 9.33 before another Justice, the applications for retention and medication were denied and the person was released.
In this proceeding, a hearing was commenced and the court evaluator made a motion to dismiss the petition. The appointed counsel for respondent has joined in the application and the attorney for the petitioner opposes it.
Assuming the person is found to be incapacitated, the issue in this proceeding is whether the power to consent or refuse psychiatric treatment and the administration of medication by a guardian, pursuant to Mental Hygiene Law § 81.22, also includes the authority of a guardian to compel a person to obtain such treatment and medication against her will.
Mental Hygiene Law § 81.01 states, in part, that: "it is desirable for and beneficial to persons with incapacities to make available to them the least restrictive form of intervention which assists them in meeting their needs but, at the same time, permits them to exercise the independence and self-determination of which they are capable.”
Mental Hygiene Law § 81.22 (a) (8) states, in part, that "[tjhose powers which may be granted include, but are not *699 limited to, the power to: * * * consent to or refuse generally accepted routine or major medical * * * treatment; [and] the guardian shall make treatment decisions consistent with the findings under section 81.15 of this article and in accordance with the patient’s wishes”.
Mental Hygiene Law § 81.03 (i) defines "medical treatment” in part, as "a medical * * * or diagnostic intervention or procedure * * * or which involves the administration of psychotropic medication or electroconvulsive therapy”.
Mental Hygiene Law § 81.22 (b) states "[n]o guardian may: 1. consent to the voluntary formal or informal admission of the incapacitated person to a mental hygiene facility”.
An individual must have the final say in decisions regarding his medical treatment, in order to insure that the greatest possible protection is accorded his autonomy and freedom from unwanted interference with the furtherance of his own desires. (Olmstead v United States, 277 US 438.) This right to refuse treatment exists at common law and is protected by the Due Process Clause of the New York Constitution. (Matter of Storar, 52 NY2d 363; Cooper v Morin, 49 NY2d 69.)
This right extends equally to mentally ill persons who are not to be treated as persons of lesser status or dignity because of their illness. (Rivers v Katz, 67 NY2d 485.) The right to refuse antipsychotic medication is a fundamentally protected liberty. (Rivers v Katz, supra.)
A voluntary patient in a mental hygiene facility has the right not to be treated over his or her objection. (14 NYCRR 27.8 [b] [2]; Matter of Pilgrim Psychiatric Ctr. [Christian F.], 197 AD2d 204.)
An individual with a mental illness whose judgment is so impaired that he is unable to understand the need for care and treatment and poses substantial threat of physical harm to himself or others may be involuntarily admitted to a mental hygiene facility. (Mental Hygiene Law § 9.01; People ex rel. Leonard HH. v Nixon, 148 AD2d 75.)
The purpose of this present proceeding is to give the petitioner the authority to require the person to accept psychiatric treatment and the administration of antipsychotic drugs against her will. Nothing in the legislative history or text of Mental Hygiene Law article 81 implies that the court has the authority to grant the powers requested by the petitioner, in denial of the person’s fundamentally protected liberties. An involuntary commitment of the person, pursuant to article 9 *700 of the Mental Hygiene Law and an application for administration of medication, if necessary, is the proper remedy for obtaining the relief requested. This relief has been previously denied. Accordingly, the motion to dismiss the petition is granted.