OPINION OF THE COURT
Alfred J. Weiner, J.
This is a guardianship proceeding pursuant to Mental Hygiene Law article 81. Respondent objects to the proposed guardianship and has made a motion to dismiss the proceeding. An amicus curiae memorandum of law has been submitted by Mental Hygiene Legal Service in support of the motion to dismiss.
The only power requested by petitioner is the authority to make decisions regarding respondent’s medical treatment, specifically, to consent to the administration of electroconvulsive therapy (ECT), and that the duration of her appointment to exercise that power be indefinite. Mental Hygiene Law § 81.03 (i) defines major medical treatment to include ECT.
Respondent is an involuntary patient at Rockland Psychiatric Center (RPC) who has been previously treated with ECT pursuant to prior court orders in accordance with Mental Hygiene Law § 9.33. On January 12, 1998 the court granted Rockland Psychiatric Center’s application authorizing the administration of ECT for a six-month period.
*27 Respondent contends that this proceeding be dismissed because the relief requested would violate respondent’s rights to substantive and procedural due process under the New York Constitution.
An involuntarily confined psychiatric patient has a fundamental common-law right, which is coextensive with a liberty interest under the Due Process Clause of the New York State Constitution (art I, § 6), to control the course of his own treatment and to be free from unwanted forcible medication and from medication which is not in his best interest. (Rivers v Katz, 67 NY2d 485.) Such fundamental rights may not be abrogated even though treatment may be beneficial or necessary to save a life. (Matter of Storar, 52 NY2d 363.)
In order to protect such fundamental rights, a hospital must apply for court authorization to medicate a patient over his objection, and must demonstrate by clear and convincing evidence that: (1) the patient is dangerous to himself or others, (2) the patient is incapable of making a reasoned treatment decision, and (3) the proposed treatment plan is narrowly tailored to give substantive effect to the patient’s liberty interest. (Rivers v Katz, supra, at 493.)
The holding of Rivers (supra), though specifically addressing the use of psychotropic medication, has been applied to other medically and psychiatrically intrusive treatments such as ECT. (Matter of Rosa M., 155 Misc 2d 103.)
Assuming that respondent is found to be incapacitated pursuant to Mental Hygiene Law § 81.02 (b), to grant petitioner the power, with unlimited duration, to consent to the administration of ECT to respondent pursuant to a guardianship appointment, would deprive her of the due process rights and requisite judicial review mandated by Rivers v Katz (supra).
Therefore, the relief requested by petitioner would violate the rights of the respondent under the Due Process Clause of the New York State Constitution and the petition' should be dismissed on that basis.
Respondent further contends that the petition fails to state a cause of action under Mental Hygiene Law article 81.
Mental Hygiene Law article 81 requires the court to consider in determining whether the appointment of a guardian is necessary, the sufficiency and reliability of available resources to provide for the personal needs or property management without the appointment of a guardian. (Mental Hygiene Law § 81.02 [a] [2].) Even if all of the elements of incapacity are *28 present, guardianship should not be imposed if available resources or other alternatives will adequately protect the person. (Matter of Maher, 207 AD2d 133.)
“The court should regard guardianship as a last resort and should assess the advantages and disadvantages of alternatives to guardianship, deciding on guardianship only when it clearly benefits the person who is the subject of the proceeding and when the alternatives are not sufficient and reliable to meet the needs of the person * * *
“[E]ven if all the elements of incapacity are present, a guardian * * * should not be imposed if available resources or other alternatives will adequately protect the person * * * If the * * * appointment * * * is necessary, the guardian should be granted only those powers that are necessary to provide for the person’s needs in a manner consistent with the principle of employing the least restrictive alternative”. (Law Revision Commn Comments, reprinted following McKinney’s Cons Laws of NY, Book 34A, Mental Hygiene Law § 81.02, at 259, 261.)
In this matter, respondent is an involuntary patient at RPC which has applied for and has obtained a series of court orders compelling her to submit to ECT. Accordingly, the petition fails to state a cause of action under article 81 since an available resource is already adequately protecting the respondent.
Furthermore, any protections given the mentally ill by the provisions of Mental Hygiene Law article 9 should not be avoided by the appointment of a guardian. (Matter of Farbstein, 163 Misc 2d 26; Matter of Gordon, 162 Misc 2d 697.)
Respondent additionally contends that this proceeding is moot since she is presently receiving ECT pursuant to an order of this court. Petitioner contends that upon the expiration of the present order it will be necessary for RPC to seek a further order pursuant to Mental Hygiene Law article 9.
An analogous situation was addressed in Hughes v Gates (217 AD2d 966), where it was held that once a medical procedure was performed on a resident of a State facility and the person’s medical needs were satisfied, no justiciable controversy remained upon which a declaratory judgment could be made or injunctive relief could be granted and the action was dismissed as moot.
In this matter, the relief sought by petitioner is totally unnecessary since it has already been granted by an order of this court authorizing Rockland Psychiatric Center to adminis *29 ter ECT to respondent. Furthermore, the hospital can apply for a new order if it determines that authority for treatment over objection is needed beyond the effective date of the January 12, 1998 order. Therefore, this proceeding should be dismissed as moot.
Accordingly, the petition is dismissed.