■ In the Matter of PAMELA S., Appellant. MID-HUDSON FORENSIC PSYCHIATRIC CENTER, Respondent. [729 NYS2d 638] —In a proceeding for permission to administer electroconvulsive therapy to a patient without her consent, the patient appeals from an order of the Supreme Court, Orange County (Berry, J.), dated January 11, 2001, which, after a hearing, granted the petition to the extent of authorizing the petitioner to administer electroconvulsive therapy to the patient one to three times per week for a maximum of six weeks. By decision and order of this Court dated May 1, 2001, the order appealed from was stayed pending determination of the appeal.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

The petitioner, Mid-Hudson Forensic Psychiatric Center, commenced this proceeding to obtain permission to administer electroconvulsive therapy to a patient over her objection pursuant to the State's *parens patriae* power (*see, Rivers v Katz,* 67 NY2d 485, 497). However, at the hearing, the petitioner failed to prove by clear and convincing evidence that the patient lacked the capacity to make a reasoned decision regarding her treatment, which was the sole basis argued for the relief sought (*see, Rivers v Katz, supra*). Thus, the petition should have been denied (*see, Rivers v Katz, supra*; *Matter of Charles C.,* 167 AD2d 537; *Matter of Gertrude K.,* 177 Misc 2d 25; *Matter of Rosa M.,* 155 Misc 2d 103).

In light of this conclusion, we need not determine whether the petitioner established by clear and convincing evidence that the proposed treatment was narrowly tailored to preserve the patient's liberty interest (*see, Rivers v Katz, supra,* at 497-

498). Ritter, J. P., Krausman, Luciano and H. Miller, JJ., concur.