In the Matter of MICHAEL L., Appellant. [809 NYS2d 194]—

In a proceeding for permission to administer psychotropic drugs to a patient without his consent, the appeal is from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated September 7, 2005, which granted the petition.

Ordered that the order is reversed, on the law, without costs or disbursements, and the petition is denied.

A competent adult has the right to determine the course of his or her medical treatment. This right includes the option to refuse medical treatment, even life-saving treatment. This right is a "fundamental common-law right" and is "coextensive with the patient's liberty interest protected by the due process clause of our State Constitution" (*Rivers v Katz*, 67 NY2d 485, 493 [1986]). It extends "equally to mentally ill persons who are not to be treated as persons of lesser status or dignity because of their illness" (*id.*).

Reflecting the importance of this right (*see Addington v Texas*, 441 US 418, 423 [1979]), the Court of Appeals, in *Rivers v Katz* (*supra*), set a high standard of proof for overcoming it under the State's parens patriae power. When the State's police powers are not implicated, the State may administer anti-psychotic drugs against a patient's will only if it establishes to a court's satisfaction by clear and convincing evidence that the patient lacks "the capacity to make a reasoned decision with respect to proposed treatment" (*id.* at 497; *see Matter of Charles C.*, 167 AD2d 537, 538 [1990]). This high standard requires proof greater than is required by the "preponderance" standard (*see Addington v Texas, supra* at 431-433) and "instruct[s] the fact-finder concerning the degree of confidence our society thinks [the fact-finder] should have in the correctness" of the determination (*id.* at 423, quoting *In re Winship*, 397 US 358, 370 [1970]; *see also Matter of Joseph O.*, 245 AD2d 856, 857 [1997]).

The appellant is confined to the Mid-Hudson Psychiatric Center. Nine months after a similar petition was denied, the State sought another order permitting it to administer Clozaril, an anti-psychotic medicine, against the appellant's will. Contrary to the Supreme Court's determination, the State did not

establish by clear and convincing evidence that the appellant lacked capacity to make a reasoned decision as to his medication (*see Matter of Pamela S.*, 286 AD2d 504 [2001]). The State's sole witness was the appellant's treating psychiatrist, who testified that, when he tried to discuss with the appellant the need for anti-psychotic medication, the appellant did not listen and "was just kind of staring into the side of the room." Further, the appellant was "very psychotic and very paranoid," and hallucinated. The psychiatrist concluded that the appellant lacked insight and "doesn't understand the need for medication" and consequently lacked the capacity to determine the course of his treatment. Nevertheless, the psychiatrist admitted that the appellant, when previously taking an equivalent of Clozaril voluntarily, had suffered severe side effects. Additionally, the psychiatrist testified that the appellant thanked him for trying to help, and the psychiatrist also admitted that the appellant was voluntarily taking other medications. The psychiatrist also admitted that, despite the appellant's poor condition, he began taking certain medications voluntarily after his attorney spoke with him. We note that the medical records were not introduced into evidence at the hearing.

The psychiatrist failed to adequately explain the factual basis for his conclusion that the appellant lacked insight and, other than an unsupported assertion that the appellant did not understand the need for medication, the psychiatrist never expressed the opinion that the appellant lacked the capacity to make a reasoned decision as to his medication. This failed to meet the clear and convincing evidence standard.

In light of our determination that the State did not satisfy its burden of proof that the appellant lacked the capacity to determine what medications he would take, we do not reach the further question of whether the State established by clear and convincing evidence that the proposed treatment was narrowly tailored to preserve the appellant's liberty interest (*see Rivers v Katz, supra* at 497-498; *Matter of Pamela S., supra*).

This determination does not foreclose the State from commencing a new proceeding seeking the same relief, upon an adequate showing, should the appellant's condition warrant it (*see Matter of Michele B.*, 215 AD2d 475 [1995]). Crane, J.P., Krausman, Rivera and Dillon, JJ., concur.