# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**974**

**CA 13-00292**

PRESENT: SCUDDER, P.J., FAHEY, SCONIERS, AND VALENTINO, JJ.

---

ELIZABETH COSTANZO, PLAINTIFF-RESPONDENT,

                V                           MEMORANDUM AND ORDER

COUNTY OF CHAUTAUQUA, DEFENDANT-APPELLANT,
ET AL., DEFENDANT.

---

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (THOMAS J. SPEYER OF COUNSEL), FOR DEFENDANT-APPELLANT.

GRECO TRAPP, PLLC, BUFFALO (DUANE D. SCHOONMAKER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------------

     Appeal from an order of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered September 14, 2012 in a personal injury action. The order denied the cross motion of defendant County of Chautauqua for summary judgment dismissing the complaint against it.

     It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

     Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when her vehicle was struck by a vehicle operated by Paul L. Rosage (decedent) at the intersection of Route 5, a state road, and Van Buren Road, a county road, in Chautauqua County. Decedent's vehicle hit the driver's side of plaintiff's vehicle when plaintiff, after stopping at a stop sign on Van Buren Road, drove the vehicle through the intersection and into the path of decedent's vehicle, which was traveling eastbound on Route 5. It is undisputed that decedent was not subject to any traffic control devices at the intersection and thus had the right-of-way. According to plaintiff, defendant County of Chautauqua (County) was negligent in, inter alia, "causing and creating an unsafe intersection." We conclude that Supreme Court properly denied the County's cross motion for summary judgment dismissing the complaint against it inasmuch as it failed to meet its initial burden of establishing its entitlement to judgment as a matter of law (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). The County's cross motion was based in part on the affidavit of a transportation engineer who offered his opinion as an accident reconstruction expert. We conclude that the affidavit was speculative and conclusory inasmuch as the expert failed to submit the data upon which he based his opinions, and thus the affidavit had no probative value (*see Lillie v Wilmorite, Inc.*, 92 AD3d 1221, 1222; *Schuster v Dukarm*, 38 AD3d 1358, 1359). We reject the County's

further contention that it cannot be held liable as a matter of law for this accident because it does not control the intersection of a county road and a state road (*see* Vehicle and Traffic Law § 1621 [a]). Lastly, the County's contention that it cannot be held liable because it did not have prior written notice of the allegedly defective intersection is without merit given that plaintiff alleges that the County created the allegedly unsafe condition (*see generally Amabile v City of Buffalo*, 93 NY2d 471, 474).

Entered:  October 4, 2013             Frances E. Cafarell
Clerk of the Court