Matter of Tyrone M. (2020 NY Slip Op 04478)





Matter of Tyrone M.


2020 NY Slip Op 04478


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-11231
 (Index No. 1150/18)

[*1]In the Matter of Tyrone M. (Anonymous), appellant. Annie Hennessey, respondent.


Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Arthur A. Baer, and Dennis B. Feld of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Amit R. Vora of counsel), for respondent.



DECISION & ORDER
In a proceeding for permission to administer a course of medication to a patient without his consent, Tyrone M. appeals from an order of the Supreme Court, Dutchess County (Edward T. McLoughlin, J.), dated June 14, 2018. The order, after a hearing, granted the petition.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Dutchess County, for a new hearing on the issue of whether the proposed treatment is narrowly tailored to preserve Tyrone M.'s liberty interest and, thereafter, for a new determination of the petition.
In or about May 2018, the petitioner commenced this proceeding for permission to administer a course of antipsychotic and other related medications to Tyrone M. (hereinafter Tyrone) without his consent. Tyrone is a state inmate who is serving a life sentence for fatally stabbing a victim in 1990. At the time of the petition, Tyrone was being housed in the Residential Crisis Treatment Program at Green Haven Correctional Facility. In support of the allegations in the petition, the petitioner submitted affidavits from both Tyrone's treating physician and a reviewing physician, which demonstrated, prima facie, that Tyrone is suffering from schizophrenia and is refusing treatment despite treatment being in his best interest.
The Supreme Court conducted a hearing on the petition, at which the petitioner's sole witness was the reviewing physician, Brandon Reynolds. Tyrone testified on his own behalf. After the hearing, the court granted the petition, finding that Tyrone "lacks the capacity to make a reasoned decision concerning his own treatment, and that the proposed treatment hereinafter set forth is appropriate, narrowly tailored to the needs of the patient as to give substantive effect to the patient's liberty interest, and is in the patient's best interests." In the order appealed from, the court, inter alia, authorized the petitioner to administer to Tyrone an extensive list of medications, including four first-line medications, oral Haldol, Haldol Decanoate, Benadryl, and Depakote, and 10 alternative medications. Tyrone appeals.
When seeking to administer a course of medication to a patient without that patient's [*2]consent, a petitioner bears the burden of demonstrating, by clear and convincing evidence, (1) the patient's incapacity to make treatment decisions (see Rivers v Katz, 67 NY2d 485, 497), and (2) that "the proposed treatment is narrowly tailored to give substantive effect to the patient's liberty interest, taking into consideration all relevant circumstances, including the patient's best interests, the benefits to be gained from the treatment, the adverse side effects associated with the treatment and any less intrusive alternative treatments" (id. at 497-498; see Matter of Radcliffe M., 155 AD3d 956, 956-958). "Whether a mentally ill patient has the capacity to make a reasoned decision with respect to treatment is a question of fact for the hearing court, the credibility findings of which are entitled to due deference" (Matter of Samuel D. [Mid-Hudson Forensic Psychiatric Ctr.], 171 AD3d 1172, 1173).
Here, the petitioner demonstrated by clear and convincing evidence that Tyrone lacks the capacity to make a reasoned decision with respect to the proposed treatment. In particular, Reynolds's hearing testimony established, inter alia, that Tyrone suffers from schizophrenia, a serious mental illness that causes him to have delusions and to be in a consistently agitated and isolated state, that he baldly denies that he suffers from any mental illness, and that he did not understand or appreciate the consequences of refusing the proposed medication (see Matter of Radcliffe M., 155 AD3d at 957-958; Matter of William S., 31 AD3d 567, 568; see also Matter of Mary Ann D., 179 AD2d 724, 724; Matter of Eleanor R. v South Oaks Hosp., 123 AD2d 460, 460-461; cf. Matter of Michael L., 26 AD3d 381, 382; Matter of Joseph O., 245 AD2d 856, 857; Matter of Charles C., 167 AD2d 537, 538).
However, the petitioner failed to demonstrate by clear and convincing evidence that the proposed treatment is narrowly tailored to preserve Tyrone's liberty interest. The overly broad order lacks factual support in the record as to, inter alia, why the first-line medications were chosen over alternative medications, in particular given the evidence that Tyrone had responded favorably to Abilify in the past, and why Haldol Decanoate, Benadryl, and Depakote were authorized without qualification and/or prophylactically despite Reynolds's testimony indicating that Tyrone may never need them. Further, Reynolds's testimony provided no factual basis for the authorized dosage of Benadryl. We note that Tyrone's medical records were not introduced into evidence at the hearing (see Matter of Michael L., 26 AD3d 381).
Moreover, there is no support in the record for the myriad of alternative medications authorized. Reynolds offered no testimony as to, inter alia, the appropriate dosages and frequencies for the alternative medications, which the order fails to specify, or as to the specific benefits to be gained from these medications or their side effects, or that any such benefits outweigh any such side effects (see Matter of Radcliffe M., 155 AD3d at 958).
Under the circumstances, we reverse the order and remit the matter to the Supreme Court, Dutchess County, for a new hearing on the issue of whether the proposed treatment is narrowly tailored to preserve Tyrone's liberty interest, and thereafter, for a new determination of the petition. In making this determination, the court should grant the petition, if at all, only to the extent the petitioner demonstrates at the new hearing, by clear and convincing evidence, that each specific component of the proposed treatment is narrowly tailored to preserve Tyrone's liberty interest.
Tyrone's remaining contentions are without merit or need not be reached in light of our determination.
MASTRO, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court