Matter of Marvin P. (Mid-Hudson Forensic Psychiatric Ctr.) (2023 NY Slip Op 06371)

Matter of Marvin P. (Mid-Hudson Forensic Psychiatric Ctr.)

2023 NY Slip Op 06371

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2021-02275
 (Index No. 1270080/01)

[*1]In the Matter of Marvin P. (Anonymous), appellant. Mid-Hudson Forensic Psychiatric Center, respondent.

Craig S. Leeds, New York, NY, for appellant.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Andrea W. Trento of counsel), for respondent.

DECISION & ORDER
In a proceeding for permission to administer a course of medication to a patient without his consent, Marvin P. appeals from an order of the Supreme Court, Orange County (Craig Stephen Brown, J.), dated March 17, 2021. The order, after a hearing, granted the petition.
ORDERED that the order is affirmed, without costs or disbursements.
On February 26, 2021, the petitioner commenced this proceeding for authorization to administer psychotropic medication to Marvin P., an involuntarily committed patient at a secure psychiatric facility, against his will. Marvin P. denies that he suffers from a mental illness or that he needs any treatment. Following a hearing, the Supreme Court issued an order authorizing the petitioner to administer the proposed course of medication over Marvin P.'s objection. Marvin P. appeals.
The Supreme Court did not err in denying Marvin P.'s request to proceed pro se at the hearing. Before proceeding pro se, he was required to make a knowing, voluntary, and intelligent waiver of the right to counsel. In determining whether a waiver meets this requirement, the court should undertake a searching inquiry of the party who wishes to proceed pro se (see People v Arroyo, 98 NY2d 101, 103; Matter of Marvin P., 52 AD3d 722, 722; Matter of Guzzo v Guzzo, 50 AD3d 687, 688). A waiver is voluntarily made when the trial court advises the party and can be certain that the dangers and disadvantages of giving up the fundamental right to counsel have been impressed upon the party (see Matter of Kathleen K. [Steven K.], 17 NY3d 380, 385-386; Matter of Alivia F. [John F.], 167 AD3d 880, 881; Matter of State of New York v Raul L., 120 AD3d 52, 61-62). When there is a basis to question a party's mental capacity, even if he has been found competent to stand trial, the court should consider that question as part of the searching inquiry designed to determine the efficacy of the party's waiver of counsel (see People v Stone, 22 NY3d 520, 527; People v Brodeur, 55 Misc 3d 37, 39-40 [App Term, 2d Dept, 11th & 13th Jud Dists]).
In Matter of Marvin P. (52 AD3d 722), in which the instant appellant, Marvin P., appealed from an order denying his motion for leave to proceed pro se in two prior proceedings, this Court found that although the Supreme Court did not question Marvin P. before making its determination, the record provided a reliable basis to conclude that he could not knowingly and [*2]intelligently waive his right to counsel. In the instant proceeding, the record likewise provided a reliable basis to conclude that Marvin P. could not knowingly and intelligently waive his right to counsel.
The State may administer a course of medical treatment against a patient's will if it establishes, by clear and convincing evidence, that the patient lacks the capacity to make a reasoned decision with respect to proposed treatment (see Rivers v Katz, 67 NY2d 485, 497), and that "the proposed treatment is narrowly tailored to give substantive effect to the patient's liberty interest, taking into consideration all relevant circumstances, including the patient's best interests, the benefits to be gained from the treatment, the adverse side effects associated with the treatment and any less intrusive alternative treatments" (id. at 497-498; see Matter of Tyrone M., 186 AD3d 604, 605). Whether a mentally ill patient has the capacity to make a reasoned decision with respect to treatment is a question of fact for the hearing court, the credibility findings of which are entitled to due deference (see Matter of Tyrone M., 186 AD3d at 605; Matter of Samuel D. [Mid-Hudson Forensic Psychiatric Ctr.], 171 AD3d 1172, 1173).
Here, the petitioner demonstrated by clear and convincing evidence that Marvin P. lacks the capacity to make a reasoned decision with respect to the proposed treatment (see Matter of Tyrone M., 186 AD3d at 605-606; Matter of Paris M. v Creedmoor Psychiatric Ctr., 30 AD3d 425, 425-426). In particular, Marvin P.'s treating psychiatrist testified that he was diagnosed with bipolar disorder, and she provided in an Evaluation for Medication Over Objection that his symptoms include "manic behaviors" and "psychotic features." Marvin P.'s hearing testimony confirmed the expert's testimony that he denied that he required medication because he believes he is "not psychotic" or "suffer[ing] from bipolar disorder." Further, the petitioner established by clear and convincing evidence that the proposed course of treatment is narrowly tailored to preserve Marvin P.'s liberty interest (see Matter of Beverly F. [Creedmore Psychiatric Ctr.], 150 AD3d 998; Matter of William S., 31 AD3d 567, 568). Contrary to Marvin P.'s contention, a nondurational order is appropriate under the circumstances presented (see Matter of Samuel D. [Mid-Hudson Forensic Psychiatric Ctr.], 171 AD3d at 1174; Matter of Radcliffe M., 155 AD3d 956, 958-959; Matter of William S., 31 AD3d at 568-69; Matter of Mary Ann D., 179 AD2d 724, 725).
Marvin P.'s remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the petition to administer medication to Marvin P. over his objection according to the proposed treatment plan.
LASALLE, P.J., MILLER, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court