Lilian C. v City of Syracuse (2024 NY Slip Op 00541)

Lilian C. v City of Syracuse

2024 NY Slip Op 00541

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, OGDEN, GREENWOOD, AND NOWAK, JJ.

920 CA 23-00764

[*1]LILIAN C., INDIVIDUALLY AND AS GUARDIAN OF STEFANIE C., AN INFANT, PLAINTIFF-RESPONDENT,
v
CITY OF SYRACUSE, DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 

HANCOCK ESTABROOK, LLP, SYRACUSE (JOHN G. POWERS OF COUNSEL), AND SUSAN R. KATZOFF, CORPORATION COUNSEL, FOR DEFENDANT-APPELLANT. 
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (STEVEN W. WILLIAMS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Joseph E. Lamendola, J.), entered May 1, 2023. The order denied the motion of defendant City of Syracuse for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the amended complaint against defendant City of Syracuse is dismissed.
Memorandum: Plaintiff commenced this action on behalf of herself and her daughter seeking damages for injuries they sustained as passengers in a motor vehicle accident that occurred in defendant City of Syracuse (City). The vehicle plaintiff and her daughter were riding in was heading west on Burnet Avenue when it collided with an eastbound vehicle that was attempting to turn left onto South Collingwood Avenue (Collingwood). Burnet Avenue and Collingwood are city roads, but across from Collingwood at the intersection is a ramp to I-690 West, a state highway. Plaintiff alleged that the subject intersection was dangerous because of improper lane alignment and inadequate sight lines for eastbound drivers turning left onto Collingwood due to the number of vehicles heading west and turning left onto the I-690 West ramp. Plaintiff alleged that, in place of the traffic island on Burnet Avenue, there should have been a left-turn-only lane for eastbound drivers turning left onto Collingwood. Supreme Court denied the City's motion for summary judgment dismissing the amended complaint against it, and we now reverse.
"A municipality will not be held responsible for negligent design or maintenance of a highway it does not own or control" (Ernest v Red Cr. Cent. School Dist., 93 NY2d 664, 675 [1999], rearg denied 93 NY2d 1042 [1999]). In addition, "[a] municipality has no duty to maintain in a reasonably safe condition a road that it does not own or control unless it affirmatively undertakes such a duty" (id.; see Nicholas T. v Town of Tonawanda, 213 AD3d 1333, 1334 [4th Dept 2023]). "Under the Vehicle and Traffic Law, the State Department of Transportation has jurisdiction over all State highways and the obligation to maintain and sign 'any highway intersecting or meeting a state highway maintained by the state for a distance not exceeding one hundred feet from such state highway' " (Ledet v Battle, 231 AD2d 884, 884-885 [4th Dept 1996], quoting Vehicle and Traffic Law § 1621 [a]; see Monica v County of Jefferson, 262 AD2d 947, 947-948 [4th Dept 1999], lv denied 94 NY2d 753 [1999]). Here, the City met its burden of establishing that it did not design or assume control over the intersection, and plaintiff failed to raise a triable issue of fact in opposition (see Sinski v Town of Brookhaven, 276 AD2d 547, 547 [2d Dept 2000]; Hough v Hicks, 160 AD2d 1114, 1116 [3d Dept 1990], lv denied 77 NY2d 802 [1991]; cf. Ham v Giffords Fuel Oil Co., 235 AD2d 457, 458 [2d Dept 1997]).
Plaintiff's reliance on Costanzo v County of Chautauqua (110 AD3d 1473 [4th Dept 2013]) is misplaced. In that case, the plaintiff alleged that the defendant County of Chautauqua (County) "was negligent in, inter alia, 'causing and creating an unsafe intersection' " (id. at 1473), and we rejected the County's contention "that it cannot be held liable as a matter of law for this accident because it does not control the intersection" (id. at 1473-1474). Here, however, unlike in Costanzo, the City established that it did not design the allegedly unsafe intersection.
In light of our determination, there is no need to address the City's remaining contentions.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court