Matter of Walawender v Antonio T. (2025 NY Slip Op 01516)

Matter of Walawender v Antonio T.

2025 NY Slip Op 01516

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, GREENWOOD, AND HANNAH, JJ.

616 CA 23-01789

[*1]IN THE MATTER OF KARA WALAWENDER, UNIT CHIEF, CENTRAL NEW YORK PSYCHIATRIC CENTER, AUBURN CORRECTIONAL FACILITY SATELLITE UNIT, PETITIONER-RESPONDENT,
v
ANTONIO T., RESPONDENT-APPELLANT. 

ELIZABETH S. FORTINO, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR RESPONDENT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (RACHEL RAIMONDI OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered September 27, 2023. The order, among other things, granted petitioner's application to medicate respondent over his objection. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: Respondent appeals from an order granting petitioner's application for authorization to administer antipsychotic medications to respondent, who is currently an involuntary patient at a psychiatric center. In accordance with the order, respondent is receiving inpatient treatment over his objection pursuant to the parens patriae power of the State of New York (see Matter of Sawyer [R.G.], 68 AD3d 1734, 1734 [4th Dept 2009]; see generally Rivers v Katz, 67 NY2d 485, 496-498 [1986], rearg denied 68 NY2d 808 [1986]). The order authorizes petitioner to, inter alia, administer the medication regime that includes an antipsychotic medication, Abilify Maintena, in doses of up to 400 milligrams by intramuscular injection every three weeks or less, as well as Benadryl as needed for managing side effects. The order further authorizes petitioner, as a reasonable alternative to the regime, to administer two alternative antipsychotic medications as well as two alternative medications for managing side effects. We conclude that Supreme Court properly granted the application.
Contrary to respondent's contention, petitioner met her burden of establishing by clear and convincing evidence that respondent lacks "the capacity to make a reasoned decision with respect to [the] proposed treatment" (Rivers, 67 NY2d at 497). Petitioner's evidence demonstrated that respondent suffered from schizoaffective disorder, bipolar type and that respondent lacked insight regarding his mental illness (see Matter of Schlee [Clarence E.], 194 AD3d 1365, 1366 [4th Dept 2021]). Indeed, petitioner established that without the medication respondent engaged in behaviors, such as hunger strikes and delusional outbursts, and acted verbally and physically aggressive toward peers and staff. Petitioner further established that respondent did not believe that he needed medication for his mental illness, which highlighted his inability to fully appreciate his diagnosis and its effect on him and those around him (see id.; Matter of Paris M. v Creedmoor Psychiatric Ctr., 30 AD3d 425, 426 [2d Dept 2006]).
Contrary to respondent's further contention, petitioner also established by clear and convincing evidence that the proposed two-year treatment plan was "narrowly tailored to give substantive effect to [respondent's] liberty interest" (Rivers, 67 NY2d at 497; see Schlee, 194 AD3d at 1366). Petitioner presented, at a hearing before the court, the expert testimony of respondent's treating psychiatrist who testified that respondent had four prior court orders authorizing the treatment of respondent over his objections. The psychiatrist testified that [*2]petitioner was seeking authorization of the same medication regime as in the prior orders inasmuch as the Abilify Maintena was successful in preventing some of respondent's most challenging behaviors. He further testified that the medication regime included the monitoring of respondent's blood levels for possible side effects and dosage purposes. The psychiatrist explained the common side effects of Abilify Maintena and concluded that any risks associated with Abilify Maintena and Benadryl were outweighed by the benefits. He also explained the common side effects of the recommended alternative medication, that the mentioned side effects were a potential for all antipsychotic medications, and that the benefits of the prescribed medications outweighed its risks. He testified that the proposed medication regime was the least restrictive yet efficacious treatment providing respondent with the maximum benefit. The psychiatrist acknowledged the physical symptoms reported by respondent while on Abilify Maintena but testified that those side effects were not common and unlikely a result of that medication and, in any event, respondent's side effects were being monitored. He opined that without the medication regime, respondent will suffer a negative outcome. No other medical witness testified.
Based on that evidence, we conclude that petitioner established by clear and convincing evidence that the proposed course of treatment was narrowly tailored by petitioner to give substantive effect to respondent's liberty interest, after taking into consideration all relevant circumstances, including his best interests, the benefits to be gained from the treatment, the adverse side effects associated with the treatment, and the alternative treatments (see Sawyer, 68 AD3d at 1735; see generally Rivers, 67 NY2d at 497-498).
All concur except Ogden, J., who dissents and votes to reverse in accordance with the following memorandum: For the reasons identified by the majority, I agree that petitioner established by clear and convincing evidence that respondent lacks the capacity to make a reasoned decision with respect to the proposed treatment. However, I disagree with the majority's conclusion that petitioner established by clear and convincing evidence that the treatment plan was "narrowly tailored to give substantive effect to [respondent's] liberty interest" (Matter of Dill v Brian S., 221 AD3d 1497, 1498 [4th Dept 2023] [internal quotation marks omitted]; see Rivers v Katz, 67 NY2d 485, 497 [1986], rearg denied 68 NY2d 808 [1986]).
Here, the order appealed from authorizes petitioner to, inter alia, administer a first-line antipsychotic medication, Abilify Maintena, in doses of up to 400 milligrams by intramuscular injection every three weeks, as well as to administer Benadryl as needed for managing side effects. The order further authorizes petitioner to administer two alternative antipsychotic medications as well as two alternative medications for managing side effects.
In determining whether a treatment plan is narrowly tailored, a court must "take into consideration all relevant circumstances, including the patient's best interests, the benefits to be gained from the treatment, the adverse side effects associated with the treatment and any less intrusive alternative treatments" (Dill, 221 AD3d at 1498 [internal quotation marks omitted]; see Rivers, 67 NY2d at 497-498). In contrast to the majority, I cannot conclude that there is legally sufficient evidence to determine whether the benefits of respondent's treatment outweigh the side effects that he actually experiences while using the long-acting antipsychotic medication Abilify Maintena and whether that treatment is in his best interests.
As an initial matter, respondent's medical records were not introduced in evidence at the hearing (see Matter of Michael L., 26 AD3d 381, 382 [2d Dept 2006]), nor were the evaluation reports of the treating physician and reviewing physician (cf. Matter of Harper v Louis M. [appeal No. 2], 196 AD3d 1086, 1087 [4th Dept 2021]). Although those reports were attached to the petition, they are not evidence that petitioner may now rely on to demonstrate that she met her burden (see Matter of Radcliffe M., 155 AD3d 956, 958 [2d Dept 2017]). Petitioner's proof consisted solely of the hearing testimony of respondent's treating physician, a psychiatrist who had been respondent's healthcare provider for just over one month.
The psychiatrist's testimony failed to establish why Abilify Maintena was authorized over other antipsychotic medications (see Matter of Tyrone M., 186 AD3d 604, 606 [2d Dept 2020]). First, respondent had been taking Abilify Maintena for years and, although it significantly improved some of his symptoms, he continued to experience delusions and auditory hallucinations while taking it. The psychiatrist testified that he expected respondent to "continue [*3]to have some level of psychosis no matter what treatment he's on," but the psychiatrist did not discuss the anticipated results of any other antipsychotic medication (see id.).
Furthermore, respondent reported numerous side effects while taking Abilify Maintena. He experienced a hand tremor, sluggishness, high cholesterol, high blood pressure, and an episode of chest pain and bradycardia. The psychiatrist testified that, although those side effects vary widely with respect to how commonly they occur, all of them are known potential risks of Abilify Maintena. The complained-of side effects are generally also known potential risks of other antipsychotic medications, but the record is devoid of any indication that respondent would actually experience those symptoms if he were to be given one of those medications in lieu of Abilify Maintena.
In addition, although the psychiatrist set forth a plan for monitoring the adverse side effects of Abilify Maintena—specifically, that respondent was scheduled to have "a stress test and echocardiogram and an appointment with a cardiologist" two days after the hearing and that the psychiatrist would monitor respondent's lipid panel, fasting glucose, electrolytes, and complete blood count with differential—the psychiatrist offered no testimony about how he would treat the symptoms that respondent already experienced on Abilify Maintena. The psychiatrist also failed to identify what circumstances would trigger the use of alternative medications given that respondent already experienced adverse side effects (see id.; Radcliffe M., 155 AD3d at 958; cf. Matter of Guttmacher [James M.], 181 AD3d 1313, 1314 [4th Dept 2020]). Although the psychiatrist testified that Benadryl would be administered to manage side effects, he provided no testimony about the benefits, if any, of Benadryl. He also testified, in a conclusory manner, that the unidentified benefits of Benadryl to respondent outweighed any unidentified risk of administering Benadryl to him (see generally Wrobel v Tops Mkts., LLC, 155 AD3d 1591, 1592 [4th Dept 2017]; Costanzo v County of Chautauqua, 110 AD3d 1473, 1473 [4th Dept 2013]).
Moreover, petitioner failed to establish a factual basis for the authorized dosage of Abilify Maintena on this record. The psychiatrist did not identify the precise amount and frequency of the Abilify Maintena that he would administer to respondent. Instead, he testified that the amount and frequency to be administered would depend on respondent's clinical response to the drug, as well as its level in his blood. Petitioner had not previously been monitoring the level of Abilify Maintena in respondent's blood. The psychiatrist had ordered testing to ensure that respondent was not "a slow metabolizer of it" with "excessively high" levels of the medication in his system, but the results of his blood level test were "pending" at the time of the hearing. Thus, no explanation exists on this record to justify the amount of Abilify Maintena that should be administered to respondent, nor is there any explanation for the frequency of its administration (see Tyrone M., 186 AD3d at 606; cf. Guttmacher, 181 AD3d at 1314). Similarly, no factual support exists on this record for the frequency or amount of Benadryl or the alternative medications to be administered (see Radcliffe M., 155 AD3d at 958). Petitioner offered nothing more than a conclusory assertion that the benefits of the alternative medications would outweigh the side effects (see generally Wrobel, 155 AD3d at 1592; Costanzo, 110 AD3d at 1473).
In sum, petitioner failed to establish by clear and convincing evidence that the authorized first-line treatment or any alternative treatments are in respondent's best interests, that the benefits of respondent taking Abilify Maintena outweigh the risks associated with the actual side effects that he experiences on that drug, and that the benefits of respondent using Abilify Maintena exceed the benefits of the use of another antipsychotic medication (cf. Dill, 221 AD3d at 1498). Under these circumstances, I would reverse the order and remit the matter to Supreme Court for a new hearing on the issue whether the proposed treatment is narrowly tailored to preserve respondent's liberty interest and, thereafter, for a new determination of the application (see Tyrone M., 186 AD3d at 606).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court