Matter of Thomas B.

2026 NY Slip Op 02401

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Thomas B. (Anonymous), appellant. Kimberly Resnick, etc., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2024-03383, (Index No. 200021/06)

Betsy Barros, J.P.

Cheryl E. Chambers

Linda Christopher

James P. McCormack, JJ.

Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Felicia B. Rosen, and Dennis B. Feld of counsel), for appellant.

Letitia James, Attorney General, New York, NY (Mark S. Grube and Andrea W. Trento of counsel), for respondent.

[*1]

DECISION & ORDER

In a proceeding for permission to administer a course of medication to a patient without his consent, Thomas B. appeals from an order of the Supreme Court, Orange County (Timothy P. McElduff, J.), dated October 5, 2023. The order, after a hearing, granted the petition.

ORDERED that the order is affirmed, without costs or disbursements.

On August 3, 2023, the petitioner commenced this proceeding for authorization to administer psychotropic medication to Thomas B., an involuntarily committed patient at a secure psychiatric facility, against his will. Thomas B. denies that he suffers from a mental illness. Following a hearing, the Supreme Court issued an order authorizing the petitioner to administer the proposed course of medication over Thomas B.'s objection. Thomas B. appeals.

The State may administer a course of medical treatment against a patient's will if it establishes, by clear and convincing evidence, that the patient lacks the capacity to make a reasoned decision with respect to proposed treatment (see Rivers v Katz, 67 NY2d 485, 497), and that "the proposed treatment is narrowly tailored to give substantive effect to the patient's liberty interest, taking into consideration all relevant circumstances, including the patient's best interests, the benefits to be gained from the treatment, the adverse side effects associated with the treatment and any less intrusive alternative treatments" (id. at 497-498; see Matter of Tyrone M., 186 AD3d 604, 605). Whether a mentally ill patient has the capacity to make a reasoned decision with respect to treatment is a question of fact for the hearing court, the credibility findings of which are entitled to due deference (see Matter of Marvin P. [Mid-Hudson Forensic Psychiatric Ctr.], 222 AD3d 758, 759; Matter of Tyrone M., 186 AD3d at 605).

Here, the petitioner demonstrated by clear and convincing evidence that Thomas B. lacks the capacity to make a reasoned decision with respect to the proposed treatment (see Matter of Tyrone M., 186 AD3d at 605-606; Matter of Paris M. v Creedmoor Psychiatric Ctr., 30 AD3d 425, 425-426). In particular, Thomas B.'s treating psychiatrist testified that Thomas B. was "seriously, dangerously mentally ill." Thomas B. was diagnosed with schizophrenia and schizoaffective disorder, with symptoms of delusions, hallucinations, and impulsive and assaultive [*2]behaviors. His symptoms include violent behavior as a result of psychotic symptoms. Thomas B. did not testify at the hearing or present other evidence.

Further, the petitioner established by clear and convincing evidence that the proposed course of treatment is narrowly tailored to preserve Thomas B.'s liberty interest (see Matter of Marvin P. [Mid-Hudson Forensic Psychiatric Ctr.], 222 AD3d at 759).

Thomas B.'s remaining contention is unpreserved for appellate review.

BARROS, J.P., CHAMBERS, CHRISTOPHER and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court