Matter of Abdul I. (Jaffee)
2026 NY Slip Op 03801
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Abdul I. (Anonymous), appellant. Rebecca Jaffee, etc., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2025-04693, (Index No. 50639/25)
Colleen D. Duffy, J.P.
Paul Wooten
Laurence L. Love
Phillip Hom, JJ.

Mental Hygiene Legal Service, Garden City, NY (Eben Hill, Jill Krol, and Timothy M. Riselvato of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Blair J. Greenwald of counsel), for respondent.

[*1]
DECISION & ORDER
In a proceeding for permission to administer a course of medication to a patient without his consent, Abdul I. appeals from an amended order of the Supreme Court, Dutchess County (Christi J. Acker, J.), dated February 7, 2025. The amended order, after a hearing, granted the petition.
ORDERED that the amended order is affirmed, without costs and disbursements.
On February 5, 2025, the petitioner commenced this proceeding for permission to administer a course of antipsychotic and other related medications to Abdul I. without his consent. Abdul I. is a state inmate who was incarcerated for assaulting a staff member at the Nassau University Medical Center. In support of the petition, the petitioner submitted affirmations and evaluations from Abdul I.'s treating physician and consulting physician, who stated that he was suffering from schizoaffective disorder, bipolar type, and antisocial personality disorder and was refusing antipsychotic medication despite it being in his best interests. Following a hearing, the Supreme Court granted the petition and authorized the petitioner to administer the proposed course of medication over Abdul I.'s objection. Abdul I. appeals.
"When seeking to administer a course of medication to a patient without that patient's consent, a petitioner bears the burden of demonstrating, by clear and convincing evidence, (1) the patient's incapacity to make treatment decisions, and (2) that the proposed treatment is narrowly tailored to give substantive effect to the patient's liberty interest, taking into consideration all relevant circumstances, including the patient's best interests, the benefits to be gained from the treatment, the adverse side effects associated with the treatment and any less intrusive alternative treatments" (Matter of Tyrone M., 186 AD3d 604, 605 [citation and internal quotation marks omitted]; see Matter of Samuel D. [Mid-Hudson Forensic Psychiatric Ctr.], 171 AD3d 1172, 1173). "Whether a mentally ill patient has the capacity to make a reasoned decision with respect to treatment is a question of fact for the hearing court, the credibility findings of which are entitled to due deference" (Matter of Tyrone M., 186 AD3d at 605 [internal quotation marks omitted]; see Matter of Samuel D. [Mid-Hudson Forensic Psychiatric Ctr.], 171 AD3d at 1173).
Here, the petitioner demonstrated by clear and convincing evidence that Abdul I. lacks the capacity to make reasoned decisions with respect to the proposed treatment plan. In particular, the evidence established, inter alia, that Abdul I. suffers from schizoaffective disorder, bipolar type, a serious mental illness that causes him to have delusions and to become agitated and violent, that he denies having a mental illness, and that he is unable to engage in a rational conversation about the proposed treatment plan (see Matter of Tyrone M., 186 AD3d at 605-606). Furthermore, the petitioner established by clear and convincing evidence that the proposed treatment is narrowly tailored to preserve Abdul I.'s liberty interests (see Matter of Marvin P. [Mid-Hudson Forensic Psychiatric Ctr.], 222 AD3d 758, 760; Matter of Samuel D. [Mid-Hudson Forensic Psychiatric Ctr.], 171 AD3d at 1173).
Abdul I.'s remaining contention is without merit.
Accordingly, the Supreme Court properly granted the petition.
DUFFY, J.P., WOOTEN, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court